378 A.2d 1229

**COMMONWEALTH of Pennsylvania**

v.

**Billy Gene RIGGINS, Appellant.**

Supreme Court of Pennsylvania.

Argued May 6, 1976.

Decided Oct. 28, 1977.

Concurring Opinion Oct. 31, 1977.

508

John E. Good, Jr., Philip D. Freedman, Harrisburg, for appellant.

Marion E. MacIntyre, Second Asst. Dist. Atty., Harrisburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ. ·

## OPINION OF THE COURT

NIX, Justice.

On September 16, 1973, Billy Gene Riggins, appellant, Roy Brown, Paulette Chroughter and Kermitt Brown (the deceased), participated in a robbery of the Nationwide Inn located in the City of Harrisburg. After the conspirators had fled from the scene, an argument developed pertaining to the division of the proceeds of the robbery. During this argument, appellant caused the death of the decedent, Kermitt Brown. On January 14, 1974, the date scheduled for trial, appellant appeared and entered a plea of guilty to the indictment charging robbery. Sentencing under this indictment was deferred pending the disposition of the outstanding murder indictment against Riggins. Trial for the murder indictment was thereupon continued to a later date at the request of the prosecution. On March 18, 1974, appel-

lant entered a plea of guilty, before another judge, to the charge of murder generally pursuant to a plea bargain. The Commonwealth certified to the court that the crime rose no higher than murder of the second degree and also recommended that the sentence to be imposed under the murder bill should be made to run concurrently with whatever sentence was to be imposed under the robbery bill. After hearing the evidence, the court determined the degree of guilt to be murder of the second degree and sentenced Riggins, under the murder bill, to serve a term of imprisonment of not less than five nor more than ten years. Thereafter, the judge who accepted the plea of guilty to the robbery indictment sentenced appellant to serve a term of imprisonment of three to ten years, said sentence to run consecutively with the murder sentence.

The single issue raised in this appeal is whether Riggins should have been permitted to withdraw his plea to the robbery charge when the judge in imposing the sentence under the robbery indictment made the term of imprisonment run consecutively with the sentence that had been imposed under the murder indictment.[1] Appellant relies for support for his position on our Pennsylvania Rule of Criminal Procedure 319(b)(3).[2] We find this argument to be

1. The judgment of sentence under the robbery indictment was appealed to the Superior Court and transferred to this Court. The certification from the Superior Court was pursuant to Pennsylvania Rule of Appellate Procedure 751(b) based on the Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, art. V, § 503, 17 P.S. 211.503(b) (Supp.1977–78). Although the Supreme Court has jurisdiction of direct appeals from homicide convictions (Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, No. 223, art. II, § 202, 17 P.S. 211.202 (Supp.1977–78)), the present appeal should not be before this Court because appellant is asking for relief with regard to his robbery plea, not his murder plea. In the interest of judicial economy, however, we will address the merits of appellant's argument.

2. Subsection (b)(3) of Rule 319 provides:
"If the judge is satisfied that the plea is understandingly and voluntarily tendered, he may accept the plea. *If thereafter the judge decides not to concur in the plea agreement, he shall permit the defendant to withdraw his plea.*" (Emphasis added).

without merit and therefore affirm the judgments of sentence.

It is to be noted that the entry of the plea under the robbery indictment was an unconditional one and was not a product of any type of plea bargaining.[3] If in fact the plea bargaining agreement which resulted in the entry of the plea to the murder indictment had been violated, the remedy available to appellant under Rule 319(b)(3) would have been a withdrawal of the plea under that indictment and would not require the disturbance of the sentence imposed under the robbery bill. As heretofore noted, appellant is not presently requesting that the plea under the murder indictment be withdrawn but rather seeks to challenge the validity of the plea under the robbery bill. Obviously, the complaint that the agreement preceding the entry of the plea to the murder bill had been breached, even if substantiated, would not provide a basis for the requested relief.

Judgments of sentence affirmed.

JONES, former C. J., did not participate in the decision of this case.

MANDERINO, J., filed a dissenting opinion.

ROBERTS, Justice, concurring.

I join in the opinion of the majority, but do not wish to suggest, as does footnote 1, that only "the interest of judicial economy" allows us to decide this appeal.

This Court has jurisdiction to hear this appeal pursuant to the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, art. V, § 503(a), 17 P.S. § 211.503(a) (Supp.1977), and Pa.R.A.P. 741(a) which provides for perfection of jurisdiction where, as here, the appellee fails to object to this Court's jurisdiction. See *Commonwealth v. Scott,* 469 Pa.

---

**3.** The appellant does not dispute that the plea to the robbery indictment was voluntarily and knowingly entered. Where the withdrawal of a plea is sought after sentence has been imposed, a showing of prejudice amounting to a manifest injustice is required before a withdrawal is properly justified. *Commonwealth v. Starr,* 450 Pa. 485, 301 A.2d 592 (1973).

258, 365 A.2d 140 (1976); *Woods v. Dunlop,* 461 Pa. 35, 334 A.2d 619 (1975).

MANDERINO, Justice, dissenting.

I dissent. Appellant was told that "whatever sentence he received on the murder charge *would be* concurrent with the robbery charge. In other words . . . the time that you get on that one *would be served concurrently* with the murder charge."

This was the agreement made, and appellant could reasonably expect that concurrent sentences would result. This bargain was explained and reiterated to appellant, then followed by the statement that "the Court is not bound by that agreement. We can't tell the court how to sentence you." This short disclaimer is not adequate to impress upon appellant that the bargain so clearly explained to him was no more than a recommendation. The colloquy as a whole creates the strong impression that appellant would receive concurrent sentences if he made the guilty plea.

The two pleas were interrelated. They arose from the same series of transactions, and indictments and arraignments on both were brought together. Sentencing on the plea of guilty to the robbery charge was deferred until disposition of the murder charge. To say that the robbery plea could not be withdrawn if the agreement broken was the murder plea bargain is absurd when the charges and the pleas were so closely related. The robbery plea and the sentence to be attached thereto were expressly incorporated into the plea bargain on the murder charge.

The pleas were a part of one bargaining process, and if breach occurred as to the robbery sentence, the appellant should be permitted to withdraw that plea.