531 A.2d 1144

**COMMONWEALTH of Pennsylvania,**

v.

**Darryl DARDEN, Appellant.**

Superior Court of Pennsylvania.

Submitted April 13, 1987.

Filed Oct. 6, 1987.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before KELLY, POPOVICH and WATKINS, JJ.

KELLY, Judge:

Appellant, Darryl Darden, petitions for allowance of appeal from the discretionary aspects of sentence. We grant allowance of appeal and affirm judgment of sentence.

On Tuesday, February 25, 1986, appellant and four other young men surrounded and robbed seventy-year-old Minnie Darling, as she was attempting to enter a restaurant in downtown Philadelphia. During the course of the robbery, the victim was thrown through the door of the restaurant and onto the pavement. Appellant and his companions were apprehended as they attempted to flee with the wallet taken from the victim's purse.

On August 5, 1986, appellant entered an open plea of no contest (*nolo contendre*) to charges of robbery and conspir-

acy after a comprehensive colloquy during which it was correctly explained that a plea of no contest (*nolo contendre*) "has the same effect as a guilty plea if the Judge accepts it." (N.T. 8/5/86 at 7); *see Commonwealth v. Hayes*, 245 Pa.Super. 521, 523, 369 A.2d 750, 751 (1976). On October 14, 1986, appellant was sentenced to a term of imprisonment of three and one-half to seven years imprisonment on the robbery conviction and a consecutive seven year term of probation on the conspiracy conviction. No motion to withdraw the plea was filed. A motion to vacate and/or modify sentence was filed and denied. Timely notice of appeal was filed on October 30, 1986. The case is now properly before this Court for disposition. We grant allowance of appeal and affirm.

## I.

Appellant's sole contention on appeal is that the sentence imposed on the robbery conviction was an unreasonably harsh deviation from the sentencing guidelines as the minimum sentence imposed was more than twice the highest recommended minimum sentence in the aggravated range of the applicable guidelines. (Appellant's Brief at 2, 5–6). This is a challenge of the discretionary aspects of sentence.

Under Pennsylvania law, neither the defendant nor the Commonwealth may take an appeal as of right from the discretionary aspects of sentence. Rather, "[t]he defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under [the Sentencing Code]." 42 Pa.C.S.A. § 9781(b). Our Supreme Court indicated in *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), that three distinct steps must be taken to properly raise a challenge to the discretionary aspects of sentence: there must be a timely notice of appeal (*see*

Pa.R.A.P. 902 & Note; Pa.R.A.P. 903); the challenge must be set forth in the statement of questions presented (*see* Pa.R.A.P. 2116(b)); and, the appellant must include in the brief, immediately preceding argument in support of the challenge, a separate, concise statement of the reasons for allowance of appeal under 42 Pa.C.S.A. § 9781(c) (*see* Pa.R. A.P. 2119(f)). 522 A.2d at 18–19.

In the instant case, timely notice of appeal was filed and appellant's challenge to the discretionary aspects of sentence was set forth in the statement of questions involved. (*See* Appellant's Brief at 2). Appellant's brief does not contain a separate, concise statement pursuant to Pa.R. A.P. 2119(f) separately delineated by a heading such as "Substantial Question" or "Statement of Reasons for Allowance of Appeal." Nonetheless, though the "Summary of Argument" in appellant's brief does not comply with the *letter* of Pa.R.A.P. 2119(f), we find that it offers substantial (therefore, sufficient) compliance with the rule to permit limited review as to whether a "substantial question" is raised. *Cf. Commonwealth v. Muller*, 364 Pa.Super. 346, 350 & n. 2, 528 A.2d 191, 193 & n. 2 (1987).

Appellant's "Summary of Argument" alleges that:

Appellant was convicted of robbery as a third degree felony. If the lower court had noted the presence of specific additional aggravating factors, a sentence in the aggravated range might have been permissible. However, the lower court not only failed to place any such findings on the record (other than appellant's criminal history, which was already accounted for in the prior record score) but it also proceeded to sentence appellant to the statutory maximum amount of imprisonment (3½ to 7 years incarceration). The sentence was *more than double* the highest sentence recommended by the aggravated sentencing guideline range (12 to 18 months imprisonment). This departure from the sentencing guideline range to such a *substantial degree* renders the sentence unreasonable, and therefore requires a remand for resentencing.

(Appellant's Brief at 5). (Emphasis supplied). Succinctly, appellant contends that he was sentenced outside the guidelines and that the sentence imposed is unreasonable because: no sufficient aggravating factors were noted; appellant's prior criminal history was considered as an aggravating circumstance even though it was already accounted for in the prior record score; and, the deviation was so substantial to render the sentence unreasonable.

In *Commonwealth v. Tuladziecki, supra,* our Supreme Court made it clear that our determination as to whether a substantial question was presented was to be made separate and distinct from any review of the merits of the petition. 522 A.2d at 19–20. Consequently, we must accept appellant's assertions of fact as a true and complete statement of the relevant facts for the limited purpose of determining whether appellant has raised the appearance of a substantial question. With this in mind, we find that appellant has raised the *appearance* of a substantial question that the sentence imposed was outside the guidelines and unreasonable. *See* 42 Pa.C.S.A. § 9781(c)(3).

■ We note, however, that the allegation of facts which, if accepted as a true and complete statement of the pertinent facts would establish grounds for vacating the sentence under 42 Pa.C.S.A. § 9781(c), does not entitle the appellant to the grant of allowance of appeal. The statute provides:

> Allowance of appeal *may be granted at the discretion of the appellate court* where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

42 Pa.C.S.A. § 9781(b). (Emphasis added). Thus, while the appearance of a. substantial question under 42 Pa.C.S.A. § 9781(b) determines whether allowance of appeal *may* be granted, the sound discretion of this Court shall determine whether it *will* be granted.

■ In exercising this discretion we may, of course, look to the trial court opinion and/or the record. When the allegations set forth in the separate, concise statement of

reasons for allowance of appeal are unsupported or contain material omissions apparent from the face of the record, this Court may deny allowance of appeal despite the appearance of a substantial question based upon appellant's unfounded or misleading allegations. Although there are factual omissions and variances apparent from the face of the record in the instant case, we nonetheless exercise our discretion to grant allowance of appeal in order to address the significant legal issues presented.

## II.

Appellant contends that the sentence imposed was an unreasonable deviation from the guidelines. He argues that: insufficient grounds were stated for the deviation; that his criminal history has been given undue weight; and that the deviation was so substantial as to be unreasonable. We cannot agree. We address each argument *seriatim*.

## A.

Appellant argues that the statement of reasons for sentencing outside the guidelines is inadequate. The court made the following statements of reasons for the sentence imposed after argument of counsel and prior to imposition of sentence:

> THE COURT: I have reviewed the presentence report and the mental health evaluation concerning the defendant and taken into consideration the statements made by counsel for the Commonwealth as well as counsel for the defense.
>
> A careful review of the defendant's presentence report indicates that as a juvenile he had 15 arrests and eight adjudications, along with four commitments. As an adult he already has 12 arrests, five convictions and three commitments, and violated his probation a number of times. For that reason the Court will go beyond the recommended Guideline sentence.

(N.T. 10/14/86 at 5-6). Though brief, we find this statement adequate to fulfill the requirements of *Common-*

*wealth v. Riggins,* 474 Pa. 507, 378 A.2d 1229 (1977) and 42 Pa.C.S.A. § 9721(b). *Cf. Commonwealth v. Osborn,* 364 Pa.Super. 505, 528 A.2d 623 (1987). The trial court filed an opinion which explained:

> The defendant argued in his motion for reconsideration of sentence that the aggravated guideline range for the offense was a minimum term of imprisonment of 12 to 18 months and that this Court abused its discretion in exceeding those guidelines.
>
> This Court concluded that the background and characteristics of this defendant justified the departure form [sic] the sentencing guidelines.
>
> The defendant's prior record score of '3' does not reflect the true extent of the defendant's criminality and need for appropriate punishment. The defendant is only 21 years of age, yet has [sic] has accumulated a record of fifteen arrests and eight adjudications as a juvenile. As an adult, in less than a three year period, he has been arrested twelve times and has had five convictions. The present case involved the robbery of a 70 year old woman who was thrown to the pavement by the defendant and four others. The defendant has consistently relied upon his criminal activities as his means of support and to support a daily drug habit. The presentence report accurately describes the defendant as being, since the age of thirteen, 'a one man crime spree based on his record of twenty seven arrests and thirteen convictions' and that his numerous commitments have not deterred him from a life of crime ... despite ... opportunities for rehabilitation ...'. The report also notes that the defendant has refused to take any action to improve his education, vocational or employment skills, but has instead chosen a life of crime.
>
> For these reasons the sentence imposed was necessary and appropriate.

Trial Court Opinion at 1–2. This amplification of the trial court's reasons for the deviation should dispel any doubts as to the adequacy of the statements of the reasons for

deviating from the guidelines. It is a clear and concise statement of each of the relevant factors in the instant case.

## B.

 Appellant argues that it was improper to cite his criminal history as an aggravating factor as it was already accounted for in his prior record score. It is true that a sentencing court should not sentence in the mitigated minimum range, the aggravated minimum range, or outside the applicable guideline ranges based solely upon criterion already incorporated into the guidelines. *See Commonwealth v. Stevens,* 349 Pa.Super. 310, 314, 503 A.2d 14, 16 (1986). However, it is readily apparent that a prior record score of three did not begin to account for appellant's staggering record of criminal activity.

None of appellant's prior adult misdemeanors, juvenile felony adjudications, parole and probation violations, or unexpunged arrests were incorporated in the computation of the prior record score.[1] Nevertheless, "[p]rior connections of whatever nature, with law enforcement authorities are unquestionably among the circumstances to be scrutinized" in determining the appropriate sentence. *See Commonwealth v. Lupatsky,* 341 Pa.Super. 338, 341–42, 491 A.2d 845, 847 (1985); *see also Commonwealth v. Scheinert,* 359 Pa.Super. 423, 431–32, 519 A.2d 422, 427 (1986) (Kelly, J., concurring; Cavanaugh, J., joins) (prior ARD acceptances, arrests, and even arrests followed by acquittals may properly be considered at subsequent sentencing hearings as aggravating factors). When relevant sentencing factors have not been incorporated into the computation of the standard minimum range, it necessarily follows that such factors may be considered as factors to justify a sentence in the mitigated minimum range, the aggravated minimum range, or outside the guideline ranges. *See Common-*

1. Prior misdemeanor convictions and certain juvenile adjudications are now included in the computation of the prior record score, but were not at the time of sentencing in the instant case. 204 Pa.Code §§ 303.7(a) and (b) (effective June 5, 1986).

*wealth v. Lupatsky, supra,* 341 Pa.Superior Ct. at 342, 491 A.2d at 847; *Commonwealth v. Washington,* 357 Pa.Super. 548, 567–68, 516 A.2d 397, 407 (1986) (Kelly, J., dissenting). Collectively, appellant's unincorporated record of criminal conduct constitutes a significant aggravating factor.

By the same reasoning, it follows that facts regarding the nature and circumstances of an offense, which are not necessary elements of the offense for which appellant has been convicted, are also proper factors to be considered in deciding whether to sentence in the mitigated minimum range, the aggravated minimum range, or outside the guidelines. In the instant case, the age of the victim is not an element of the crime of robbery; consequently, the fact that appellant and his accomplices chose to victimize a defenseless seventy-year-old female was · properly considered as a *substantial* aggravating factor. Certain crimes against children of tender years or senior citizens have been designated for special mandatory sentencing; most if not all other crimes against children of tender years or senior citizens should be considered as offenses accompanied by a substantial aggravating factor. *Cf.* 42 Pa.C.S.A. §§ 9717, 9718. The court properly did so in the instant case.

## C.

Finally, appellant contends that the sentence is unreasonable because it is a substantial deviation from the applicable guidelines. Appellant relies heavily upon this Court's *dictum* that *"only in exceptional cases* and for sufficient reasons may a court deviate from the guidelines." *Commonwealth v. Fluellan,* 345 Pa.Super. 167, 171, 497 A.2d 1357, 1359 (1985), *quoting Commonwealth v. Hutchinson,* 343 Pa.Super. 596, 598, 495 A.2d 956, 958 (1985). (Emphasis supplied). The efficacy of reliance on the *dictum* was substantially eroded if not destroyed, *sub silentio,* by our Supreme Court's decision in *Commonwealth v. Tuladziecki, supra.*

■ In *Commonwealth v. Tuladziecki, supra,* our Supreme Court reviewed at length the broad discretion vested in the sentencing court regarding the application of "general principles" espoused in the Sentencing Code, and the final selection of the sanction options. 513 Pa. at 514 & n. 1, 522 A.2d at 20 & n. 1. Our Supreme Court then concluded:

It is apparent that the legislature has vested broad discretion in the trial court to impose a sentence appropriate to each case which comes before it. It is also apparent that the legislature has provided a thorough, though not exhaustive, outline of considerations to focus the court's deliberations in choosing an appropriate sentence. It is only where a party can articulate reasons why a particular sentence raises doubts that this scheme *as a whole* has been compromised that the appellate court should review the manner in which the trial court exercised its discretion.

*Commonwealth v. Tuladziecki, supra,* 513 Pa. at 515, 522 A.2d at 20. (Emphasis added). Thus, while the sentencing court is required to "consider" the applicable guidelines, and while the reasons for any deviation from the applicable standard range of the guidelines must be explained in writing, the determination of whether the sentence is "not appropriate," "clearly unreasonable," or "unreasonable" must be made with reference to the Sentencing Code *as a whole,* not solely with reference to the provisions of the sentencing guidelines. *Commonwealth v. Tuladziecki, supra,* 513 Pa. at 514, 522 A.2d at 20; *see also* 42 Pa.C.S.A. §§ 9781(b) and (c).

## III.

As indicated above, appellant's extensive unincorporated criminal history and appellant's victimization of a defenseless seventy-year-old woman were substantial aggravating factors. We note that if the unincorporated criminal record were included in the prior record score pursuant to the provisions now applicable,[2] appellant would have a prior

2. *See* 204 Pa.Code § 303.7(b) (effective June 5, 1986).

record score of six, an offense gravity score of five, and appellant's minimum sentence of three and one-half years (42 months) would fall within the applicable aggravated minimum range (36–45 months). While these guidelines do not apply to the instant case, they clearly demonstrate the reasonableness of the trial court's attempt to give proper weight to significant factors which were not incorporated in the guideline ranges applicable at the time of sentencing in this case. Thus, we find no abuse of discretion by the trial court.

## CONCLUSION

Based upon the foregoing, judgment of sentence is affirmed. We agree with the Commonwealth and the trial court, it is high time this youthful career criminal serves a substantial sentence of incarceration.

POPOVICH, J., files a dissenting opinion.

POPOVICH, Judge, dissenting:

Consistent with the position espoused by this writer in *Commonwealth v. Hawthorne*, 364 Pa.Super. 125, 527 A.2d 559 (1987), and joined in by Montemuro and Watkins, JJ., I cannot endorse the Majority's receptive embrace of the appellant's appeal regarding his challenge of the discretionary aspects of his sentence. Accord *Commonwealth v. Bogden*, 364 Pa.Super. 300, 528 A.2d 168 (1987).

This Court pointed out that the appellant in *Hawthorne*, as had been the case in *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), had divided the appellate brief into the following sections: 1) Statement of Jurisdiction; 2) Statement of Questions Involved; 3) Statement of the Case; 4) Summary of the Argument; and 5) Argument.

Nonetheless, the appellants' failure in both *Hawthorne* and *Tuladziecki* to set down in a separate section ("somewhere") in the brief a concise statement of reasons why their appeals should be granted was fatal, and this flaw could not be remedied by reference to the "argument on the

merits" section without running afoul of the Rules of Appellate Procedure and 42 Pa.C.S. § 9781(b).

Instantly, the Majority is doing exactly what *Tuladziecki* ruled against, i.e., filling the absence of a separate section somewhere in an appellant's brief reciting a "concise statement of reasons"/"substantial question" assailing the discretionary aspects of one's sentence by looking to the "argument on the merits" section to fill the void, or, as is the case at bar, at the "summary of argument" section. I see no distinction whether resort is had to the latter instead of the former. I read *Tuladziecki* to condemn both.

Reference to either the "argument on the merits" or "summary of argument" in determining the presence of a "substantial question" that the sentence imposed is not appropriate under the Sentencing Code cannot be utilized to circumvent the clear language of the *Tuladziecki* calling for "precise" compliance with the applicable rules of procedure. 513 Pa. at 508, 522 A.2d at 17. As much was stated by this Court in *Hawthorne;* to-wit:

> The Majority in *Tuladziecki* would appear to require the party (be it the Commonwealth or a defendant) appealing the discretionary aspects of a sentence to set forth "at some point" in his brief (preferably, immediately preceding the argument on the merits) reasons ("statement") why an appeal should be granted. This is consistent with the treatment by the Rules of Appellate Procedure of one's Notice of Appeal as a "petition for allowance of appeal" under the Sentencing Code (see Note to Pa.R.App.P. 902 and 42 Pa.C.S. § 9781(b)), which, in effect, defers the formal submission of a petition for allowance of appeal until the briefing stage. *Tuladziecki,* supra.
>
> Once at the briefing stage, given *Tuladziecki's* view that a "Notice" is the equivalent of a "petition", we deem it advisable to look to Pa.R.App.P. 1115 for some direction as to the form and content one's brief should take in perfecting an appeal from the discretionary aspects of a sentence. For example, Pa.R.App.P. 1115 requires that

the petitioner list various items of information, one of which is a "concise statement of the reasons relied upon for allowance of an appeal." Rule 1115(a)(5). The order in which it is to be included in the petition (which, instantly, would be one's brief) is recommended, insofar as practicable, to be in the sequence which appears in the Rule. This has been interpreted by the Supreme Court as requiring the presentment and examination of such a statement of reasons "at some point" in this procedural maze, but always "prior to examination of and ruling on the merits of the issue of the appropriateness of the sentence[.]" 513 Pa. at 512, 522 A.2d at 19.

There can be no substitution for this "concise statement of reasons" by referring to the argument section of one's brief, as appears to have occurred by the Superior Court panel in *Tuladziecki* and made mention of by Justice Larsen in footnote 2 of his dissent. To do so, according to the Majority in *Tuladziecki*, would be to permit an appellate court "to rely on its assessment of the argument on the merits of the issue to justify *post hoc* a determination that a substantial question exists." 513 Pa. at 513, 522 A.2d at 19. Thus, an assessment of the merits of the issue(s) must be preceded by a demonstration by the appellant that a "substantial question" exists in the case on appeal.

364 Pa.Super. at 134, 527 A.2d at 563.

The Majority has appeared to act contrary to the teachings of *Tuladziecki* by utilizing the "summary of argument" section of the appellant's brief to extrapolate a compliance with § 9781(b)'s substantial question requirement.

. I read *Tuladziecki* to require the setting forth "somewhere" in one's appellate brief a "concise statement of reasons", sufficient to satisfy § 9781(b), questioning the discretionary aspects of the sentence issued, but certainly not under the guise of the "summary of argument" section can one say that this condition precedent has been satisfied in the wake of *Tuladziecki*.

612

There being no compliance with our Supreme Court's pronouncement detailing the rigors of appellate briefing, which must be met with precision in the area of assaulting the discretionary aspects of one's sentence, I would quash the appeal. See *Hawthorne,* supra. Because the Majority deems it proper to hold to the contrary, I must respectfully dissent.