539 A.2d 838

**COMMONWEALTH of Pennsylvania**

v.

**Joseph GRAHAM, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 14, 1987.

Filed March 14, 1988.

Edward R. Eidelman, Public Defender, Allentown, for appellant.

William H. Platt, District Attorney, Allentown, for Com., appellee.

Before OLSZEWSKI, KELLY and MONTGOMERY, JJ.

KELLY, Judge:

Appellant, Joseph Graham, appeals from judgment of sentence imposed upon his convictions of terroristic threats and recklessly endangering another person. We deny allowance of appeal of the discretionary aspects of sentence.

On May 2, 1986, the appellant was found guilty of terroristic threats (18 Pa.C.S.A. § 2706) and of recklessly endan-

gering another person (18 Pa.C.S.A. § 2705) following a jury trial. No post-trial motions were filed. Sentencing was scheduled for June 16, 1986. On that date, the public defender representing appellant sought a continuance on the grounds that he feared that the pre-sentence report prepared by the Lehigh County Probation Office was prejudicial to appellant because appellant had once threatened one of its officers with a firearm. The public defender requested that instead of using the Lehigh County Probation Office's report, a new report be drawn up by the state probation office. The trial judge granted a continuance but did not order that a second report be submitted to the court. On August 26, 1986, a second sentencing hearing was conducted following which appellant was sentenced to a term of two (2) to five (5) years imprisonment in a state correctional facility. Thereafter, appellant filed a timely motion to reconsider sentence which was denied by the trial court. This appeal followed.

Appellant raises two contentions on appeal: (1) the trial judge failed to properly articulate on the record sufficient reasons for the sentence imposed; and (2) the trial judge abused its discretion by improperly relying on a prejudicial pre-sentence investigation report, when an impartial source was available. Both contentions involve challenges to the discretionary aspects of sentence.[1]

---

1. In *Commonwealth v. Douglass,* 370 Pa.Super. 104, 535 A.2d 1172 (1988), this author noted that an allegation that the trial court failed to provide an adequate statement of the reasons for the sentence imposed could be treated: 1) as a challenge to the legality of the sentence for violation of 42 Pa.C.S.A. § 9781(b); 2) as a challenge to the discretionary aspects of sentence for violation of 42 Pa.C.S.A. § 9781(b), *see Commonwealth v. Tilghman,* 366 Pa.Super. 328, 332, 531 A.2d 441, 443 n. 2 (1987); or 3) as a challenge to the discretionary aspects of sentence under 42 Pa.C.S.A. § 9781(c)(1) for violation of 204 Pa.Code § 303.1(h). *Commonwealth v. Douglass, supra,* 535 A.2d at 1174 n. 2 (Kelly, J., concurring). The issue regarding which, if any, aspect predominated was left unresolved in *Douglass.* In *Commonwealth v. Thomas,* 370 Pa.Super. 544, 537 A.2d 9 (1988) a panel of this Court held that such a challenge will be deemed a challenge to the discretionary aspects of sentence. 537 A.2d at 12. We note that if the challenge articulated herein were treated as a challenge to legality of sentence, we would, nonetheless, affirm judgment of sentence in this case for the reasons stated *infra.*

Appellant has made no attempt to comply with Pa.R.A.P. 2119(f) as required by *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). *See Commonwealth v. Darden*, 366 Pa.Super. 597, 600–605, 531 A.2d 1144, 1146–48. Though this Court has the authority to direct counsel to supplement the brief to cure the defect (*see Commonwealth v. Zeitlen*, 366 Pa.Super. 78, 530 A.2d 900 (1987)), we decline to do so in the instant case. Review of the record and appellant's brief reveals the complete absence of a substantial question as to the adequacy of the statement of reasons for the sentence imposed [2] or as to the appropriateness of sentence imposed considering the Sentencing Code as a whole (*see* 42 Pa.C.S.A. §§ 9781(b), 9781(c)).[3] We see no reason to delay disposition of this appeal to compel submission of a Pa.R.A.P. 2119(f) statement which inevita-

2. We note that the sentencing transcript clearly demonstrates that the trial court considered the pre-sentence report, the arguments of counsel, the applicable guidelines and the applicable statutory limits. (N.T. 8/26/86 at 1–21). We note particularly the trial court's observations that: "when you (appellant) get out, you get a gun and you bother people," (N.T. 8/26/86 at 14–15); and, "you say you haven't done anything. You have 17 prior convictions. It's very difficult for you to function in society, Mr. Graham. Very difficult." (N.T. 8/26/86 at 18–19). Moreover, we note that the sentence included directives that appellant be imprisoned in a facility designated by the Deputy Commissioner for Treatment, Bureau of Corrections, and that any parole be conditioned upon participation by appellant in any psychiatric counseling recommended by the probation department with a further condition of parole that appellant be prohibited from owning any type of firearm or weapon; these restrictions clearly indicate the court's awareness of the threat which appellant poses ti the community and his need for continued psychiatric treatment. (N.T. 8/26/86 at 16–17). Succinctly, the reasons for the sentence imposed appear on the face of the record and are *more than sufficient* to meet the requirements of *Commonwealth v. Riggins*, 474 Pa. 507, 378 A.2d 1229 (1977) and 42 Pa.C.S.A. § 9721(b). *Cf. Commonwealth v. Darden*, 366 Pa.Super. 597, 604, 531 A.2d 1144, 1148 (1987); *Commonwealth v. Osborn*, 364 Pa.Super. 505, 520, 528 A.2d 623, 631 (1987).

3. We note that appellant's sole contention is that the trial court improperly relied on a *potentially* biased pre-sentence investigation report. The potential bias of the pre-sentence report was fully disclosed, and despite ample opportunity to review the challenged report, counsel's sole objection was that the recommended sentence contained in the report was too high and should not be considered. No objection was raised to any other material contained in the report. (N.T. 8/26/86 at 3).

bly would be found to fail to raise the appearance of a substantial question as to the appropriateness of the sentence imposed. We note that the emphasis in *Commonwealth v. Tuladziecki, supra,* is on precise compliance with the procedural rules before *granting* allowance of appeal; the same precision would not appear to be necessary to a disposition denying allowance of appeal. *See Commonwealth v. Pickford,* 370 Pa.Super. 444, 459, 536 A.2d 1348, 1356 (1987) (Kelly, J., concurring and dissenting); *Commonwealth v. Zeitlen, supra,* 366 Pa.Superior Ct. at 87, 530 A.2d at 905 (Kelly, J., joining and concurring).

## CONCLUSION

Based upon the foregoing, allowance of appeal of the discretionary aspects of sentence is denied.

MONTGOMERY, J., concurs in the result.