547 A.2d 800

**COMMONWEALTH of Pennsylvania**

v.

**Daniel Jordan THOMPSON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 9, 1988.

Filed Sept. 15, 1988.

John P. Liekar, Public Defender, Canonsburg, for appellant.

Almon S. Burke, Jr., Assistant District Attorney, Washington, for Com.

Before CAVANAUGH, ROWLEY and KELLY, JJ.

KELLY, Judge:

Appellant, Daniel Jordan Thompson, seeks to appeal from judgment of sentence entered following his conviction of third degree murder. We deny allowance of appeal of the discretionary aspects of sentence.

## FACTS AND PROCEDURAL HISTORY

On August 4, 1986, appellant, David Reynier and Fred Bazzoli, consumed a case of beer while painting a home in Taylorstown, Pennsylvania. After work, they purchased a second case of beer and decided to drive to an isolated location and practice target shooting. Appellant had a .22 magnum rifle and Fred Bazzoli had a 30.06 rifle.

Appellant asked Fred to set up some targets in the field on a tree stump. As Fred walked toward the stump, the gun in appellant's hands discharged; appellant claimed the gun discharged accidentally. Fred was startled but he was not hit. Appellant then challenged David Reynier to take a shot at Fred. David's shot struck Fred in the arm. Both went to see Fred's injury. David told Fred to lay still and that he would go get help. As David walked back to the car, he heard a gun shot. He turned and saw appellant standing with his rifle levelled at Fred. Fred died from the gun shot wounds.

Appellant and David then fled in the victim's girlfriend's car which the victim had borrowed on the day of his death. They eventually turned themselves in to police in Kansas City, Kansas. Though they initially claimed that they had shot Fred in self-defense when he shot at them, David later admitted the foregoing facts.

On February 20, 1987, appellant entered a general plea of guilty to criminal homicide and theft. Because of the evidence of intoxication, the trial court convicted appellant of third degree murder rather than first degree murder. On April 27, 1987, the trial court sentenced appellant to ten (10) to twenty (20) years imprisonment for the murder conviction and a concurrent term of two (2) to four (4) years for the theft conviction. A timely motion to reconsider the sentence was denied, and this timely appeal followed.

### I.

On appeal, appellant contends that the trial court abused its discretion by: sentencing him to the statutory maximum despite the absence of aggravating factors; failing to ade-

quately consider mitigating factors; and, failing to make an adequate statement of the reasons for the sentence imposed on the record. These contentions are addressed to the discretionary aspects of sentence.

Appellant offered the following statement in purported compliance with Pa.R.A.P. 2119(f):

In compliance with Pa.R.A.P. 2119, (f), appellant herewith sets forth the reasons for challenging the discretionary aspects of the sentence imposed by the lower court. Appellant contends that the trial court in sentencing appellant to the maximum term of imprisonment, failed to consider the general standards in sentencing set forth in Sentencing Code 42 Pa.C.S.A. 9721(b); failed to take into consideration the mitigating factors set forth in the Sentencing Code 42 Pa.C.S.A. 9722 nor weigh said mitigating factors against the guidelines for total confinement as set forth in the sentencing code, 42 Pa.C.S.A. 9725.

(Appellant's Brief at 8). This statement is inadequate to raise a substantial question as to the appropriateness of sentence so as to permit grant of allowance of appeal.

In *Commonwealth v. Felix*, 372 Pa.Super. 145, 539 A.2d 371 (1988), this Court stated:

We note, however, that we do not recommend the above Pa.R.A.P. 2119(f) statement as a model for future cases. In *Commonwealth v. Douglass*, [370 Pa.Super. 104, 535 A.2d 1172 (1987) (Kelly, J., concurring)], this author explained:

[T]he mandate of 42 Pa.C.S.A. § 9781(b) is not fulfilled by the mere incantation of the language of one of the subprovisions of 42 Pa.C.S.A. § 9781(c). Our former practice was struck down as having improperly enlarged an appellant's right to appeal. Would a construction of 42 Pa.C.S.A. § 9781(b) and Pa.R.A.P. 2119(f) which merely required the incantation of conclusions of law or particular statutory language have any real or practical effect on the decision of whether to

510

grant allowance of appeal? Assuredly not. Our Supreme Court explained:

Our insistence on separate presentation of these issues is more than mere formalism; important concerns of substance guide this decision. In addition to preserving the respective rights of both parties according to the jurisdictional scheme provided by the legislature, it furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases.

*Commonwealth v. Tuladziecki,* [513 Pa. 508, 513, 522 A.2d 17, 19–20 (1987)]. This purpose can only be effectuated if this Court requires that appellant's concise statement contain specific allegations of fact, rather than mere conclusions of law. Moreover, because the determination as to whether appellant's allegations are sufficient to raise the appearance of a substantial question must be separate and distinct from the review of the merits of the appeal, the factual allegations in the statement must be accepted as a true and complete statement of the relevant facts *for this limited purpose.* Only in this way can the requirement of a separate review of the statement rise above mere formalism and achieve its substantive purpose of limiting discretionary review on the merits to 'exceptional case[s].'

535 A.2d at 1176–1177; *see also Commonwealth v. Darden, supra,* [366 Pa.Super. 597 at 602] 531 A.2d [1144] at 1147 [ (1987) ].

The Commonwealth's Pa.R.A.P. 2119(f) statement in the instant case consists primarily of incantations of statutory provisions and pronouncements of conclusions of law; nonetheless, when read together with the statement of question presented, sufficient assertions of fact exist to raise a substantial question under 42 Pa.C.S.A. § 9781(c)(3). In the future, however, reference to the guideline ranges applicable and a complete statement of factual assertions in support of any challenge under 42

Pa.C.S.A. § 9781(c)(2) or 42 Pa.C.S.A. § 9781(c)(3) is highly recommended.

539 A.2d at 377–78. The statement criticized but found adequate in *Commonwealth v. Felix, supra,* is materially distinguishable from that presented by appellant in the instant case. The statement in *Felix* contained specific factual assertions. The Pa.R.A.P. 2119(f) statement in the instant case consists wholly of incantations of statutory provisions and pronouncements of conclusions of law, and fails entirely to articulate the facts upon which the claim is predicated. "It is only where a party can articulate reasons why a particular sentence raises doubts that this scheme as a whole has been compromised that the appellate court should review the manner in which the trial court exercised its discretion." *Commonwealth v. Tuladziecki, supra,* 522 A.2d at 20; *Commonwealth v. Felix, supra,* 539 A.2d at 380.

Allowance of appeal from discretionary aspects of sentence is denied.*

CAVANAUGH and ROWLEY, JJ., concur in the result.

---

\* We note that the record clearly indicates that the trial court reviewed the pre-sentence investigation report, entertained arguments of counsel, considered the applicable guidelines, and then concluded that a maximum sentence was appropriate in this case based upon the fact that, had appellant not exhibited diminished capacity due to voluntary intoxication, a first degree murder conviction would have been appropriate and that the third degree murder conviction was in that sense aggravated. The trial court also noted that the pre-sentence investigation report demonstrated problems in appellant's criminal, social, employment and educational history which were caused or exacerbated by appellant's alcohol abuse. The weight to be given to the sentencing factors was exclusively the province of the sentencing court to determine. *See Commonwealth v. Moran,* 369 Pa.Super. 109, 110, 534 A.2d 1103, 1104 (1987). Though brief, the statement of reasons for the sentence imposed was plainly sufficient. *See Commonwealth v. Devers,* —— Pa. ——, 546 A.2d 12 (1988); *cf. Commonwealth v. Graham,* 372 Pa.Super. 365, 368 n. 2, 539 A.2d 838, 839 n. 2 (1988); *Commonwealth v. Darden,* 366 Pa.Super. 597, 604, 531 A.2d 1144, 1148 (1987); *Commonwealth v. Osborn,* 364 Pa.Super. 505, 520, 528 A.2d 623, 631 (1987).