J-S05023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                           :            PENNSYLVANIA
                           :
            v.                   :
                           :
                           :
TERRANCE DUPREE LYONS       :
                           :
          Appellant       :    No. 1031 WDA 2018

Appeal from the Judgment of Sentence Entered May 24, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002082-2017

BEFORE: PANELLA, P.J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:         **FILED FEBRUARY 21, 2019**

Appellant Terrance Dupree Lyons appeals from the judgment of sentence following a bench trial and his convictions for simple assault and theft by unlawful taking. On appeal, he challenges the weight of the evidence and the discretionary aspects of his sentence. We affirm.

We adopt the trial court's facts and procedural history, which we set forth below:

> On Sunday, April 9, 2017, at 7:11 a.m., Erie Police were dispatched to 2915 Pine Avenue. They were met with the victim, Ahmyish Canady, and a witness, Tashara Brewton. Canady had a bruised left eye, abrasions on her left hand and neck, and a clump of hair that had been pulled out. Canady told the officers that [Appellant], the father of her children, had just left. He came to her house at five in the morning and began arguing with her. Both Canady and Brewton told [Appellant] to leave the residence, but he refused. He punched the victim in the face and throat. He

---

[*] Retired Senior Judge assigned to the Superior Court.

kicked her in the eye th[e]n began dragging her through the house. He then took her cell phone before he left. [Appellant] was charged with simple assault, a second degree misdemeanor, 18 [Pa.C.S.] § 2701(a)(1), and theft by unlawful taking, a misdemeanor, 18 [Pa.C.S. §] 3921(a).

Trial Ct. Op., 9/12/18, at 1-2. Appellant opted for a bench trial at which he testified, and the court found him guilty.

Following the preparation of a pre-sentence investigation report, the trial court sentenced Appellant on May 24, 2018, to one to two years' imprisonment followed by five years' probation. Appellant filed a timely post-sentence motion challenging the excessiveness of his sentence and the weight of the evidence. The court denied Appellant's motion on June 18, 2018. Appellant timely appealed and also filed a non-court-ordered Pa.R.A.P. 1925(b) statement incorporating his post-sentence motion.

Appellant raises only the following issues on appeal:

[1.] Whether the interests of justice entitle . . . Appellant to a new trial as the trial court's verdict was against the weight of the evidence such that it effectively shocked the conscience.

[2.] Whether . . . Appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code.

Appellant's Brief at 4.

We summarize Appellant's arguments for both of his issues together. Appellant contends the trial court failed to adequately weigh his credibility. *Id.* at 12. Appellant also highlights purported contradictions between the testimony of the victim and a Commonwealth witness. *Id.* He contends that

- 2 -

the victim was the aggressor. *Id.* at 13. Appellant also claims that his sentence was excessive because the court failed to consider or properly consider the mitigating factors, including that his prior record score was based largely on offenses committed when he was a juvenile and the fact that Appellant and the victim were involved in a custody dispute. *Id.* at 15.

It is well-settled:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Soto*, ___ A.3d ___, ___, 2018 WL 6816969, *11 (Pa. Super. 2018) (citation omitted).

With respect to challenges to the discretionary aspects of sentence, we state the following as guidance:

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question

that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Peck*, ___ A.3d ___, ___, 2019 WL 124379, *5 (Pa. Super. 2019) (quotation marks and some citations omitted). Instantly, Appellant has preserved his sentencing challenge and has raised a substantial question for our review. *See id.*

The *Peck* Court explained as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Id.* at *5 (citation omitted). Furthermore:

Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A presentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.

*Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). Therefore, "[w]here the sentencing judge had the benefit of a pre-sentence report, it will be presumed that he was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors." *Commonwealth v. Fullin*, 892 A.2d 843, 849-50 (Pa. Super. 2006).

Here, after careful review of the record, the parties' briefs, and the well-reasoned decision of the trial court, we affirm on the basis of the trial court's opinion. *See* Trial Ct. Op., 9/12/18, at 2-7. We perceive no abuse of discretion by the trial court in its disposition of Appellant's sentencing claim given its review of, among other items, the pre-sentence investigation report, *see Peck*, 2019 WL 124379, *5, and weight claim. *See Soto*, 2018 WL 6816969 at *11. For these reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2019

COMMONWEALTH OF PENNSYLVANIA, : IN THE COURT OF COMMON PLEAS
            Appellee, : OF ERIE COUNTY, PENNSYLVANIA
                         : CRIMINAL DIVISION

          V. :

TERRANCE DUPREE LYONS, :
            Appellant : No. 2082 of 2017

## 1925(a) OPINION

Garhart, J., September 12 , 2018

Appellant, Terrance Dupree Lyons, appeals from the judgment of sentence entered on May 24, 2018 following a non-jury trial in which he was convicted of simple assault and theft by unlawful taking. Based on the following, this Court respectfully requests his judgment of sentence be affirmed.

## I. BACKGROUND OF THE CASE

On Sunday, April 9, 2017, at 7:11 a.m., Erie Police were dispatched to 2915 Pine Avenue. They were met with the victim, Ahmyish Canady, and a witness, Tashara Brewton. Canady had a bruised left eye, abrasions on her left hand and neck, and a clump of hair that had been pulled out. Canady told the officers that Defendant, the father of her children, had just left. He came to her house at five in the morning and began arguing with her. Both Canady and Brewton told Defendant to leave the residence, but he refused. He punched the victim in the face and throat. He kicked her in the eye than began dragging her through the house. He then took her cell phone before he left. (Affidavit of Probable Cause, 4/9/17). Defendant was charged with simple assault, a second degree misdemeanor, 18 P.S. §2701(a)(1), and theft by unlawful taking, a misdemeanor, 18 P.S. 3921(a).

Defendant waived his right to a jury trial pursuant to a waiver of jury trial colloquy held on November 13, 2017. He was tried before the Honorable John Garhart on March 8, 2018. Judge

1

Garhart found him guilty on both counts. On May 24, 2018, Judge Garhart sentenced Defendant to state incarceration for one to two years for simple assault and 5 years of probation for the theft charge. Defendant filed a Motion for Reconsideration/Modification of Sentence of May 24, 2018, which was denied on June 18, 2018. Appellant filed a timely Notice of Appeal as well as his Concise Statement on July 18, 2018. In his appeal, Appellant requests resentencing as well as a new trial. His Concise Statement raises a number of issues which can be distilled by two paragraphs found in Appellant's Concise Statement:

1. "While the Trial Court is given wide discretion in sentencing (including the decisions whether to run sentences concurrent or consecutive), Appellant avers the Trial Court nevertheless abused its discretion in imposing a high-end, near Aggravated Range sentence on the Simple Assault count." (Concise Statement, 7/18/18, p. 1, ¶4).

   a. Appellant's prior record score of 4 is outdated (based on juvenile offenses of a felony drug charge and receiving stolen property) and overstated (containing subsequent traffic offenses, a DUI and disorderly conduct conviction). (Concise Statement, p. 2)
   b. Appellant has been on probation for the past 11 months without any violations, he has had no contact with the victim, he has no documented history of assaultive behavior, he is gainfully employed selling life insurance and working at Arbys. (Concise Statement, p. 2).
   c. The community would be protected and justice would be served if Defendant were given a county-level sentence incorporating electronic monitoring/intensive supervision.(Concise Statement, p. 2).

2. "Although the evidence at trial was sufficient to support a conviction, a new trial should be awarded in the interest of justice because the Trial Court's verdict was against the weight of the evidence." (Concise Statement, p.3, ¶2).

(Appellant's Rule 1925(b) Statement, 7/18/18, pp. 1 and 4).


**A. Whether the Court appropriately sentenced Appellant?**

Pennsylvania law makes clear that an appellant's challenge to the discretionary aspects of his sentence is not automatically reviewable as a matter of right. *Commonwealth v. Hunter,* 768 A.2d 1136 (Pa.Super. 2001); *Commonwealth v. Darden,* 531 A.2d 1144, 1146 (Pa.Super. 1987).

2

When appealing the discretionary aspects of a sentence, an appellant: (1) must set forth in a separate concise statement the reasons relied upon for allowance of appeal, and (2) demonstrate a substantial question that the sentence imposed was not appropriate. *Commonwealth v. Lee*, 876 A.2d 408, 411 (Pa.Super. 2005); see also *Commonwealth v. Mouzon*, 812 A.2d 617 (Pa. 2002); 42 Pa.C.S.A. § 9781(b). The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal "furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases." *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) *(en banc)* (emphasis in original).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Losch*, 535 A.2d 115, 119 n.7 (Pa.Super. 1987). In this regard, our Supreme Court has stated:

> To demonstrate that a substantial question exists, a party must articulate reasons why a particular sentence raises doubts that the trial court did not properly consider [the] general guidelines provided by the legislature.

*Mouzon, supra*, at 622. Appellant is required to raise a colorable argument that the decision of the sentencing court was either inconsistent with a specific provision of the Sentencing Code or inappropriate under the Sentencing Code as a whole; that is, contrary to the fundamental norms that underlie the sentencing process. *Id.* An allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate. Such a challenge goes to the weight afforded the evidence and will not be considered absent extraordinary circumstances. *Commonwealth v. Urrutia*, 653 A.2d 706, 710 (Pa. Super. 1995).

3

Here, Appellant alleges that his sentence is inconsistent with Section 9721(b) of the Sentencing Code, which specifies that confinement shall be consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the Appellant. Appellant avers that a lesser sentence would have accomplished the same goals. (Concise Statement, p. 1, ¶3). Appellant further claims that the sentencing court should not have considered Appellant's prior record score of a 4, since some of his underlying offenses occurred while he was a juvenile (felony drug, receiving stolen property). However, we note that the Pennsylvania Superior Court has made it clear that a sentencing court may consider juvenile adjudications when calculating a prior record score. *Commonwealth v. Bonner*, 135 A. 3d 592 (Pa. Super. 2016)(sentencing guideline allowing use of juvenile adjudications in calculating defendant's prior record score did not violate Eighth Amendment). We further note that the severity of Appellant's other charges (summary traffic, DUI, disorderly conduct) are taken into account in the calculation of the prior record score. See 204 Pa. Code §303.7.

Furthermore, sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super. 1999). The Superior Court noted:

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Id.* (internal quotations and citations omitted).

Where the sentencing court has the benefit of a pre-sentence report, the law presumes that the court was aware of the relevant information regarding the appellant's character and weighed those considerations along with the mitigating statutory factors delineated in the Sentencing

4

Code. *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa.Super. 1995)(quotation and citations omitted). Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. *Id.*

Here, Judge Garhart considered the following: (1) pre-sentence investigative report; (2) Pennsylvania Sentencing Code and all its factors; (3) the Pennsylvania Sentencing Guidelines; (4) statements by Appellant and his counsel; (5) a letter from the victim; (6) Appellant's age, background and rehabilitative needs; (7) the nature, circumstances, and seriousness of the offense; and (8) the protection of the community. N.T. Sentencing, 5/24/18, at 12-13. Judge Garhart further noted that he was sentencing Appellant in the high end of the standard range of the sentencing guidelines because Appellant failed to show any "shred of responsibility" for his actions and that it was clear that Appellant was and continues to be a batterer who subjected his significant other to "a reign of terror". *Id.*, at 8-9. We also note that Judge Garhart gave Appellant a more lenient sentence on Count 2, theft of movable property. Instead of five years of incarceration, Judge Garhart sentenced Appellant to five years of probation, noting:

> THE COURT: ...And so this is the case in which the sentencing standard range of the guidelines is appropriate. The defendant has got a prior record score of 4. But the point of this sentence would be lost if it didn't take into account sending a message to this defendant, and a message to the community, that inflicting physical harm on your significant other is not just an offense, but a serious offense.
> So, all things considered, I'm going to choose a sentence at the top end of the standard range. And I'm going to impose one year to two years at 2028 of 2017 on Count 1. And it's my intention that that sentence be a state sentence. ...
> On the second count, theft of moveable property, here the phone, that surprisingly carries five years, and yet the phone is a small part of this. I'm not going to use the phone, which I could, as a way to punish the defendant more for the assault. I think there's some degree of integrity required.
> This is a large tail, but it's not a tail on a small, this [one] count, it's a tail on a serious assault. So here I'm going to impose an additional five years of supervision, state supervised, consecutive to the one to two years I'm imposing for assaulting his significant other.

5

(Sentencing Tr., 5/24/18, pp.13-14). The sentence was tailored to Appellant's individual situation and the reasons for the sentence imposed were clearly set forth on the record. Any lesser sentence would have depreciated the nature of the offense. Because Appellant's sentence was within the statutory limits and not manifestly excessive, there was no sentencing error.

## B. Whether the verdict was against the weight of the evidence?

Appellant has preserved his weight of the evidence challenge by raising this issue in his Motion for Reconsideration. However, the Court's verdict was not "so contrary to the evidence" that it "shocks one's sense of justice," as required by the Pennsylvania Superior Court:

> When we review a weight-of-the-evidence challenge, we do not actually examine the underlying question; instead, we examine the trial court's exercise of discretion in resolving the challenge. This type of review is necessitated by the fact that the trial judge heard and saw the evidence presented. Simply put, [o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice. **A new trial is warranted in this context only when the verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.**
>
> Of equal importance is the precept that, [t]he finder of fact ... exclusively weighs the evidence, assesses the credibility of witnesses, and may choose to believe all, part, or none of the evidence.

*Commonwealth v. Konias*, 136 A.3d 1014, 1022–23 (Pa. Super. 2016), *appeal denied*, 145 A.3d 724 (Pa. 2016) (citations and quotation marks omitted).

Here, a review of the trial transcript demonstrates that the verdict was not against the weight of the evidence. The credible testimony of the victim (who presented to the police with a black eye, abrasions on her hand and neck, and a clump of pulled out hair) was that the Defendant assaulted her. The credible testimony of both the victim and her girlfriend, Tashara Brewton, was consistent. Both testified that the Defendant entered the victim's apartment early

6

in the morning and passed out on her bed. Sometime later he awoke and got into an argument with Canady. Both Canady and Brewton's testimony about the physical altercation was congruous and matched Canady's resulting physical injuries which are apparent in the photos taken of Canady's body in the emergency room immediately after the incident, (Commonwealth Exhibits #1-6), as well as the responding police officer's observation of the victim's injuries.

Furthermore, the Defendant himself testified that: (1) he grabbed the victim by her hair; (2) he grabbed her by the neck; and (3) he hit her in the eye with an open hand. (Trial Transcript,3/8/18, pp. 111- 116). However, Defendant denied ever hitting the victim such that he would have left bruises on her body, except when he hit her in the eye. (Trial Tr. p. 116). We find Defendant's testimony less than credible in light of the photos of Defendant's injuries which comport with the corroborating testimony of the responding police officer, the victim, and the witness, Ms. Brewton.

Here, the court, as the finder of fact, exclusively weighed the evidence, assessed the credibility of witnesses, and had the discretion to choose to believe the consistent testimony of the witnesses for the prosecution. As a result, this verdict was not so contrary to the evidence that it "shocks" one's sense of justice. Accordingly, the verdict was not against the weight of the evidence.

## III.  CONCLUSION

Based on the above, this Court respectfully requests that Appellant's judgment of sentence be affirmed.   The Clerk of Court is hereby directed to submit the record to the Pennsylvania Superior Court for its review.

BY THE COURT:



_____J.
John Garhart, Judge

cc:  District Attorney's Office
Michael A. DeJohn, Esq.