J-S23028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ADAM CEYKOVSKY | |
| Appellant | No. 2969 EDA 2015 |

Appeal from the Judgment of Sentence August 28, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0001338-2012

BEFORE: PANELLA, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.: **FILED JULY 15, 2016**

Adam Ceykovsky appeals from the judgment of sentence entered August 28, 2015, in the Northampton County Court of Common Pleas, upon the second revocation of his probation, and made final by the denial of post-sentence motions on September 12, 2015. Ceykovsky originally pled guilty on June 21, 2012, to one count of accidents involving death or personal injury,[1] and two summary offenses.[2] That same day, the court sentenced him a 12-month period of probation, as well as fines and restitution. Following the revocation, the court sentenced him to serve 12 to 24 months'

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3742(a).

[2] 75 Pa.C.S. §§ 4703(a) and 3714(a).

incarceration, to be followed by two years' probation. The sole issue on appeal is a challenge to the discretionary aspects of sentencing. After a thorough review of the submissions by the parties, the certified record, and relevant law, we affirm the judgment of sentence.

The trial court set forth the factual and procedural history as follows:

On June 21, 2012, [Ceykovsky] pled guilty to the following charges: 1) Accidents Involving Death or Personal Injury, a misdemeanor of the first degree; 2) Operating a Vehicle Without a Valid Inspection, a summary offense; and 3) Careless Driving, a summary offense. On that same date, [Ceykovsky] was sentenced by the Honorable Stephen G. Baratta to serve twelve (12) months of county probation and to pay restitution in the amount of $42,670.00. On October 25, 2012 and August 23, 2013, [Ceykovsky] was to appear for probation violation hearings. He failed to appear and a bench warrant [was] issued.

On September 6, 2013, [Ceykovsky] came before the Court for a Gagnon[3] II hearing due to receiving new charges and for technical violations. At that time, his initial probation sentence was revoked, and Judge Baratta resentenced him to serve twelve (12) months of county probation. Subsequently, [Ceykovsky] was before this Court on September 11, 2014 for a Gagnon I hearing due to technical violations. This Court extended [Ceykovsky]'s probation for twelve (12) months in order for [Ceykovsky] to make his required payments. On March 6, 2015, [Ceykovsky] was scheduled for a Gagnon I hearing, but he failed to appear, and a bench warrant [was] issued.

On July 9, 2015, [Ceykovsky] again appeared before the Court for a Gagnon I hearing for failing to report as directed and for failing to make payments toward court costs, fines, and restitution. On July 17, 2015, a Gagnon II hearing was held before Judge Baratta at which time [Ceykovsky]'s probation was revoked. Judge Baratta ordered that [Ceykovsky] undergo a

---

[3] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (discussing revocation hearings).

drug and alcohol evaluation. A re-sentencing hearing was to be held upon completion of the drug and alcohol evaluation and following a hearing in the Northampton County Drug Court. On August 20, 2015, [Ceykovsky]'s application to the Northampton County Drug Court was denied.

[Ceykovsky] appeared before the undersigned judge on August 28, 2015 for a Gagnon II hearing due to committing technical violations, specifically, failing to report as directed and failing to make regular payments. The Court found [Ceykovsky] in violation of his probation and sentenced him to serve twelve (12) to twenty-four (24) months in a state correctional facility, followed by a consecutive period of state probation of twenty-four (24) months.

On September 8, 2015, [Ceykovsky] file a Motion for Reconsideration of Sentence. This Court denied [the] same on September 12, 2015.

Trial Court Opinion, 11/18/2015, at 1-2. Ceykovsky filed a timely[4] notice of appeal on September 28, 2015.[5]

In his sole issue on appeal, Ceykovsky contends the trial court imposed a sentence which is manifestly excessive or inconsistent with the Pennsylvania Sentencing Code because the court failed to consider

---

[4] Because September 27, 2015 fell on a Sunday, Ceykovsky had until September 28th to file an appeal. *See Commonwealth v. Leatherby*, 116 A.3d 73, 86 (Pa. Super. 2015) ("When computing the 30–day filing period '[if] the last day of any such period shall fall on Saturday or Sunday ... such day shall be omitted from the computation.' 1 [Pa.C.S.] § 1908.").

[5] On October 1, 2015, the trial court ordered Ceykovsky to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Ceykovsky filed a concise statement on October 22, 2015. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 18, 2015.

mitigating evidence that he presented. Ceykovsky's Brief at 5. Specifically, he states:

> The [trial c]ourt has imposed a manifestly excessive sentence without considering that [Ceykovsky] would attend outpatient treatment while being incarcerated through Northampton County Prison's work release program. The [trial c]ourt has imposed a manifestly excessive sentence which does not allow [Ceykovsky] to have the ability to repay his restitution. The result of actions by the [trial c]ourt is inconsistent with the sentencing code and contrary to the fundamental norms underlying the sentencing process. The sentence therefore cannot stand.

*Id.* at 12.

As presented, Ceykovsky's issue challenges the discretionary aspects of his sentence. **See Commonwealth v. Lutes**, 793 A.2d 949 (Pa. Super. 2002) (explaining argument that sentence is manifestly excessive challenges discretionary aspects of sentencing). The standard of review for a claim challenging a discretionary aspect of sentencing is well-established:

> Sentencing is a matter vested in the sound discretion of the judge, and will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Sheller**, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted), *appeal denied*, 980 A.2d 607 (Pa. 2009).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. Hoch**, 936 A.2d 515, 518 (Pa.

Super. 2007) (citations and quotation marks omitted). To reach the merits of a discretionary issue, this Court must determine:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011) (footnotes omitted).

Here, Ceykovsky filed a timely notice of appeal and included the requisite statement pursuant to Pa.R.A.P. 2119(f) in his appellate brief.[6] Moreover, his post-sentence motion was timely filed.[7] Therefore, we may proceed to determine whether Ceykovsky has presented a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Edwards*, 71 A.3d 323, 330 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013).

---

[6] As the Commonwealth points out, Ceykovsky's Rule 2119(f) statement is technically not the requisite separate statement "immediately preced[ing] the argument on the merits[.] *See* Pa.R.A.P. 2119(f). Nevertheless, as will be discussed below, his argument does offer "substantial (therefore, sufficient) compliance with the rule to permit limited review as to whether a 'substantial question' is raised." *Commonwealth v. Darden*, 531 A.2d 1144, 1147 (Pa. Super. 1987).

[7] Contrary to the Commonwealth's assertion that Ceykovsky's statement was filed one day late, we note the last day of the ten-day period afforded by the trial court fell on Labor Day, September 7, 2015. *See* Pa.R.Crim.P. 708(E). Therefore, Ceykovsky's statement was timely filed the next day.

With respect to whether an issue presents a substantial question, we are guided by the following:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***See Commonwealth v. Paul***, 2007 PA Super 134, 925 A.2d 825 (Pa. Super. 2007). "A substantial question exits only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Griffin***, 2013 PA Super 70, 65 A.3d 932, 2013 WL 1313089, *2 (Pa. Super. filed 4/2/13) (quotation and quotation marks omitted).

***Edwards***, 71 A.3d at 330 (citation omitted).

As indicated above, Ceykovsky claims his sentence is manifestly excessive or inconsistent with the Pennsylvania Sentencing Code because the court failed to consider mitigating evidence that he presented. ***See*** Ceykovsky's Brief at 5. We find that such a claim does raise a substantial question. ***See Commonwealth v. Kelly***, 33 A.3d 638, 640 (Pa. Super. 2011) ("A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question."); ***Commonwealth v. Perry***, 883 A.2d 599, 602 (Pa. Super. 2005) (concluding appellant raised a substantial question when he jointly claimed that a sentencing court imposed an excessive sentence and failed to consider substantial mitigating factors). Consequently, Ceykovsky has raised a substantial question, and we will proceed to the merits of his claim.

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." ***Commonwealth v. Hoover***, 909 A.2d 321, 322 (Pa. Super. 2006). "[A] sentence should not be disturbed where it is evident that the sentencing court was aware of sentencing considerations and weighed the considerations in a meaningful fashion." ***Commonwealth v. Fish***, 752 A.2d 921, 923 (Pa. Super. 2000), *appeal denied*, 771 A.2d 1279 (Pa. 2001). "[T]he scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the sentence imposed following revocation." ***Commonwealth v. Infante***, 888 A.2d 783, 790 (Pa. 2005) (citation omitted).

Upon the revocation of a defendant's probation, a trial court may impose any sentencing option that was available under the Sentencing Code at the time of the original sentencing, regardless of any negotiated plea agreement. 42 Pa.C.S. § 9771(b); ***Commonwealth v. Wallace***, 870 A.2d 838, 843 (Pa. 2005). Moreover, "[t]he trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Fish***, 752 A.2d at 923. Section 9771(c), however, limits the trial court's authority to impose a sentence of total confinement upon revocation unless one of three circumstances are present:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c). Furthermore, it is well-established that "[t]echnical violations can support revocation and a sentence of incarceration when such violations are flagrant and indicate an inability to reform." *Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa. Super. 2007).

"In addition, in all cases where the court resentences an offender following revocation of probation ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1040-1041 (Pa. Super. 2013) (internal quotations omitted); 42 Pa.C.S. § 9721(b). "A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Crump*, 995 A.2d 1280, 1282-1283 (Pa. Super. 2010), *appeal denied*, 13 A.3d 475 (Pa. 2010).

Although Ceykovsky contends the sentence imposed by the trial court following revocation was excessive, he does not assert the sentence imposed by the court was beyond the statutory maximum. Nor does the record support such an assertion. Furthermore, as the trial court found in addressing the issue:

> [W]hen [Ceykovsky] came before the Court at the August 28, 2015 Gagnon II hearing, [Ceykovsky]'s probation officer informed the Court that [Ceykovsky] owes payments in the amount of $43,118.95, $41,900 of which is restitution. Additionally, on at least five occasions, [Ceykovsky] missed appointments scheduled with his probation officer, and he pled guilty to a charge of public drunkenness in March of this year. Also in March of this year, [Ceykovsky] admitted to his then probation officer to using methamphetamine for about three months. [Ceykovsky] did admit himself into rehab from March 11, 2015 to April 8, 2015, but he subsequently missed two additional appointments and was detained in Carbon County for committing violations there, including resisting arrest, public drunkenness, and disorderly conduct. From Carbon County, [Ceykovsky] was brought to Northampton County for violating the terms of his probation.
>
> As discussed above, [Ceykovsky] was denied acceptance into the Northampton County Drug Court program. The Drug and Alcohol evaluation, which Judge Barrata ordered, revealed that [Ceykovsky] gambles daily and has a gambling problem. With respect to [Ceykovsky]'s substance abuse, the evaluation revealed that up until June of this year, [Ceykovsky] was using methamphetamine daily for four years. Importantly, we note that during the Gagnon II hearing, [Ceykovsky] unashamedly told the Court that his use of methamphetamine was not as significant as the evaluation reported, but that he lied in Drug Court in order to make his case appear more severe so that he would be accepted into the program.
>
> We respectfully submit that the sentence [Ceykovsky] received in this case is appropriate and fully warranted under the circumstances. He has been before the Court several times for committing new charges and/or for technical violations. The

record demonstrates that [Ceykovsky] has, on numerous occasions, demonstrated an unwillingness to comply with the terms of his probation. [Ceykovsky] also has a criminal history involving drug use,[1] and although he owes a substantial amount of restitution, he has chosen to gamble rather than make his regular payments. These actions, along with [Ceykovsky]'s history of drug addiction, strongly indicate to this Court that [Ceykovsky] is likely to recidivate. Additionally, we considered [Ceykovsky]'s rehabilitative needs and [Ceykovsky]'s own testimony that he is a drug addict and that drugs are his own coping skill. Based on these considerations, as well as [Ceykovsky]'s actions while on probation, confinement in state prison is the most appropriate rehabilitative setting for [Ceykovsky]. The County of Northampton has exhausted all of its resources on [Ceykovsky], and the only treatment options available to [Ceykovsky] at this time are in state prison as the county prison no longer has treatment options.

> [1] We note that [Ceykovsky] was previously incarcerated in state prison on a charge of possession with intent to deliver cocaine.

…

Further, [Ceykovsky]'s application to Drug Court was also carefully considered, but [Ceykovsky] was an unsuitable candidate for the program. Further, [Ceykovsky] admittedly clouded his application to Drug Court with lies about his history. It is clear that [Ceykovsky]'s intent upon his application to Drug Court was to manipulate the court system rather than to proactively ameliorate his issues by participating in the intensive Drug Court treatment program. As a result, this Court's sentence was appropriate as it was necessary to balance the interests of society and rehabilitate [Ceykovsky] as well as to vindicate the authority of the Court. [Ceykovsky] will be offered necessary treatment for his addictions in state prison.

Trial Court Opinion, 11/18/2015, at 4-6 (record citations omitted).

Based on the trial court's explanation, it is clear the court considered

the mitigating factors and the recidivist nature of Ceykovsky's actions. As

- 10 -

such, we accept the court's analysis and see no reason to disturb the sentence. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2016