J-S79007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MELISSA PALLADINO :
:
Appellant : No. 786 MDA 2018

Appeal from the Judgment of Sentence April 10, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001011-2014,
CP-36-CR-0004424-2013, CP-36-CR-0005085-2017

BEFORE: SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: **FILED: MARCH 27, 2019**

Appellant, Melissa Palladino, appeals from the judgment of sentence

entered on April 10, 2018, in the Lancaster County Court of Common Pleas.

We affirm.[1]

---

[1] We point out that Appellant violated Pa.R.A.P. 341 by filing a single notice of appeal on May 10, 2018, that included three trial court docket numbers, CP-36-CR-1011-2014, CP-36-CR-4424-2013, and CP-36-CR-5085-2017. On June 1, 2018, our Supreme Court held that, prospectively, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. **The failure to do so will result in quashal of the appeal**." ***Commonwealth v. Walker***, 185 A.3d 969, 977 (Pa. 2018) (emphasis added). In the instant case, however, we note that Appellant's consolidated notice of appeal was docketed separately at each of the three trial court docket numbers, as was her Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Additionally, the trial court addressed the issues Appellant raised relative to each docket number in its Pa.R.A.P. 1925(a) opinion. We conclude there is no impediment to appellate review caused by

The trial court set forth the relevant facts and procedural history of this case as follows:

On September 14, 2017, [Appellant] was charged on Docket Number 5085-2017 with one count of Possession With Intent to Deliver - Heroin ("PWID")[1] and one count of Criminal Conspiracy to Commit Possession With Intent to Deliver - Heroin ("Criminal Conspiracy").[2] At that time, [Appellant] was serving probation sentences on Docket Number 4424-2013 for one count of Theft of Lost or Mislaid Property,[3] and on Docket Number 1011-2014 for twenty-two (22) counts of Identity Theft.[4] On October 11, 2017, [Appellant] appeared before the Honorable Howard F. Knisely for a probation violation hearing. After stipulating that the Commonwealth would be able to prove the new charges brought against her beyond a preponderance of the evidence, [Appellant] was found to be in violation of her probation and her probation was revoked. Sentencing was deferred pending disposition of [Appellant's] new charges. [Appellant] was represented by Daniel M. Strazynski, Esquire ("Plea Counsel").

[1] 35 P.S. § 780-113(a)(30), an ungraded felony.

[2] 18 Pa. C.S.A. § 903(a), an ungraded felony.

[3] 18 Pa. C.S.A. § 3924, a misdemeanor of the first degree.

[4] 18 Pa. C.S.A. § 4120, a misdemeanor of the first degree.

On January 12, 2018, a guilty plea hearing was held before this court, and [Appellant] entered a non-negotiated plea of guilty on Docket Number 5085-2017. After a thorough plea colloquy, the court accepted [Appellant's] plea. A presentence investigation

_____

Appellant's failure to file separate notices of appeal in this case. Moreover, because Appellant's consolidated notice of appeal was filed prior to our Supreme Court's June 1, 2018 decision in **Walker**, we need not quash the appeal. **See Commonwealth v. Williams**, ___ A.3d ___, 2019 PA Super 41 (Pa. Super. 2019) (declining to quash an appeal pursuant to Pa.R.A.P. 341 where the consolidated notice of appeal was filed prior to the decision in **Walker**).

report ("PSI Report") was ordered for all dockets and sentencing was deferred until its completion.

On April 10, 2018, a sentencing hearing was held before this court on all dockets. On Docket Number 5085-2017, [Appellant] was sentenced on each count to a period of twenty (20) months to ten (10) years' incarceration. The sentence on Count 2 was made to run consecutive to Count 1. On Docket Numbers 4424-2013 and 1011-2014, [Appellant] was sentenced on each count to a period of two and one half (2½) to five (5) years' incarceration. The sentences were made to run concurrent with each other and concurrent with Docket Number 5085-2017. Thus, [Appellant] received an aggregate sentence of forty (40) months to twenty (20) years' incarceration.

On April 17, 2018, and April 19, 2018, respectively, [Appellant] filed a Post-Sentence Motion to Modify Sentence and an Amended Post-Sentence Motion ("Post-Sentence Motions") on the above dockets, which the court denied by Order of May 1, 2018. On May 10, 2018, [Appellant] filed a Notice of Appeal to the Superior Court of Pennsylvania, and on May 14, 2018, the court entered an Order directing [Appellant] to file a concise statement of errors complained of on appeal. On June 4, 2018, [Appellant] filed a Statement of Errors Complained of on Appeal ("Concise Statement"), and the Commonwealth filed its Response to [Appellant's] Statement of Errors Complained of on Appeal ("Response") on June 27, 2018.

Trial Court Opinion, 8/16/18, at 1-3.

On appeal, Appellant raises the following issue for this Court's consideration:

Was an aggregate sentence [of] 40 months to 20 years [of] incarceration for nonviolent offenses manifestly excessive and contrary to the fundamental norms underlying the sentencing process?

Appellant's Brief at 9.

Appellant's issue presents a challenge to the discretionary aspects of her sentence. It is well settled that when an appellant challenges the discretionary

- 3 -

aspects of his sentence, there is no automatic appeal; rather, the appeal will be considered a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). Furthermore, as this Court noted in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> [a]n appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. §9781(b).

***Id***. at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528 (Pa. Super. 2006)).

Appellant has satisfied the first three elements of the four-part test from ***Moury***. Appellant preserved the sentencing issue by filing a timely post-sentence motion and notice of appeal, and she provided a statement of reasons for allowance of appeal from the discretionary aspects of her sentence pursuant to Pa.R.A.P. 2119(f) in her brief. Next, we must determine if Appellant has raised a substantial question for our review. ***Moury***, 992 A.2d at 170.

> A substantial question requires a demonstration that "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular

- 4 -

fundamental norm underlying the sentencing process." ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005). This Court's inquiry "must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id***. Whether a substantial question has been raised is determined on a case-by-case basis; the fact that a sentence is within the statutory limits does not mean a substantial question cannot be raised. ***Commonwealth v. Titus***, 816 A.2d 251, 255 (Pa. Super. 2003). However, a bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim. ***Id***.

***Commonwealth v. Fisher***, 47 A.3d 155, 159 (Pa. Super. 2012).

In her Pa.R.A.P. 2119(f) statement, Appellant avers that the trial court imposed a manifestly excessive sentence and failed to consider the non-violent nature of Appellant's offenses. Appellant's Brief at 15. We conclude that Appellant has presented a substantial question for our review. ***See Commonwealth v. Swope***, 123 A.3d 333, 340 (Pa. Super. 2015) (stating that a claim that a sentence is manifestly excessive, together with an allegation that the trial court failed to consider mitigating factors and rehabilitative needs, presents a substantial question).

It should be noted that "sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008). Additionally, an abuse of discretion is not merely an error in judgment; rather, an appellant must establish that the trial court ignored or misapplied the law, exercised its judgment for reasons

of partiality, prejudice, bias, or ill will, or reached a manifestly unreasonable decision. *Id.*

Finally, when the trial court has the benefit of a pre-sentence investigation report ("PSI"), there is a presumption that the trial court properly considered and weighed all relevant factors. *See Commonwealth v. Finnecy*, 135 A.3d 1028, 1038 (Pa. Super. 2016) ("[W]here the sentencing judge had the benefit of a [PSI] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.").

We have reviewed Appellant's brief, the relevant legal authority, the certified record on appeal, and the trial court's August 16, 2018 opinion. In that opinion, the trial court addressed first the sentences imposed on the new convictions at docket number 5085-2017, next the probation-revocation sentences imposed at docket numbers 4424-2013 and 1011-2014, and last the aggregate sentence imposed at all three docket numbers. After review, we conclude that trial court thoroughly and correctly addressed Appellant's sentencing issues. Accordingly, we affirm Appellant's judgment of sentence on the basis of the trial court's opinion and adopt its reasoning as our own. The parties are directed to attach a copy of August 16, 2018 opinion in the event of further proceedings in this matter.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2019

**IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA**
**CRIMINAL**

COMMONWEALTH OF PENNSYLVANIA    :
    :
vs.    :    Nos.    5085-2017
    :    1011-2014
MELISSA PALLADINO    :    4424-2013

## OPINION

BY: MILLER, J.
Date: August 16, 2018

This opinion is written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate

Procedure.

## BACKGROUND

On September 14, 2017, Melissa Palladino ("Defendant") was charged on Docket Number

5085-2017 with one count of Possession With Intent to Deliver – Heroin ("PWID")[1] and one count

of Criminal Conspiracy to Commit Possession With Intent to Deliver – Heroin ("Criminal

Conspiracy").[2] At that time, Defendant was serving probation sentences on Docket Number 4424-

2013 for one count of Theft of Lost or Mislaid Property,[3] and on Docket Number 1011-2014 for

twenty-two (22) counts of Identity Theft.[4] On October 11, 2017, Defendant appeared before the

---

[1] 35 P.S. § 780-113(a)(30), an ungraded felony.

[2] 18 Pa. C.S.A. § 903(a), an ungraded felony.

[3] 18 Pa. C.S.A. § 3924, a misdemeanor of the first degree.

[4] 18 Pa. C.S.A. § 4120, a misdemeanor of the first degree.

LANCASTER COUNTY, PA
2018 AUG 16 PM 1:57
CLERK OF COURTS

Honorable Howard F. Knisely for a probation violation hearing. After stipulating that the Commonwealth would be able to prove the new charges brought against her beyond a preponderance of the evidence, Defendant was found to be in violation of her probation and her probation was revoked. Sentencing was deferred pending disposition of Defendant's new charges. Defendant was represented by Daniel M. Strazynski, Esquire ("Plea Counsel").

On January 12, 2018, a guilty plea hearing was held before this court, and Defendant entered a non-negotiated plea of guilty on Docket Number 5085-2017. After a thorough plea colloquy, the court accepted Defendant's plea. A presentence investigation report ("PSI Report") was ordered for all dockets and sentencing was deferred until its completion.

On April 10, 2018, a sentencing hearing was held before this court on all dockets. On Docket Number 5085-2017, Defendant was sentenced on each count to a period of twenty (20) months to ten (10) years' incarceration. The sentence on Count 2 was made to run consecutive to Count 1. On Docket Numbers 4424-2013 and 1011-2014, Defendant was sentenced on each count to a period of two and one half (2½) to five (5) years' incarceration. The sentences were made to run concurrent with each other and concurrent with Docket Number 5085-2017. Thus, Defendant received an aggregate sentence of forty (40) months to twenty (20) years' incarceration.

On April 17, 2018, and April 19, 2018, respectively, Defendant filed a Post-Sentence Motion to Modify Sentence and an Amended Post-Sentence Motion ("Post-Sentence Motions") on the above dockets, which the court denied by Order of May 1, 2018. On May 10, 2018, Defendant filed a Notice of Appeal to the Superior Court of Pennsylvania, and on May 14, 2018, the court entered an Order directing Defendant to file a concise statement of errors complained of on appeal. On June 4, 2018, Defendant filed a Statement of Errors Complained of on Appeal

2

("Concise Statement"), and the Commonwealth filed its Response to Defendant's Statement of Errors Complained of on Appeal ("Response") on June 27, 2018.

## DISCUSSION

Defendant appeals from the court's judgment of sentence against her, as finalized by its May 1, 2018, denial of Defendant's Post-Sentence Motion. Defendant raises multiple challenges to the discretionary aspects of the sentences imposed by the court.[5] Upon review, the court suggests that Defendant's appeal be denied.

It is well-established that "the proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007). This discretion is vested broadly in the sentencing court because it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime. *See Commonwealth v. Begley*, 780 A.2d 605, 643 (Pa. 2001). Stated differently:

> the sentencing court sentences the flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

*Walls*, 926 A.2d at 961. An appellate court will not disturb a sentencing court's judgment absent a manifest abuse of discretion, and "to constitute an abuse of discretion a sentence must either exceed the statutory limits or be so manifestly excessive as to constitute an abuse of discretion."

---

[5] Specifically, Defendant's Concise Statement alleges the following: 1) the court erred because it failed to provide adequate reasons for deviating from the standard range of the sentencing guidelines; 2) the court erred because Defendant's probation violation sentences were manifestly excessive; and 3) the court erred because the aggregate sentence imposed in this case was manifestly excessive and an abuse of the its discretion.

3

*Commonwealth v. Pickering,* 533 A.2d 735, 738 (1987) (citations omitted). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Grady v. Frito–Lay, Inc.,* 839 A.2d 1038, 1046 (2003). Moreover, "a sentence should not be disturbed where it is evident that the sentencing court was aware of sentencing considerations and weighed the considerations in a meaningful fashion." *Commonwealth v. Cappellini,* 690 A.2d 1220 (Pa. Super. 1997).[6]

All three errors complained of on appeal facially implicate the discretionary aspects of the court's sentencing decisions, and despite being in the aggravated range, Defendant's sentences were within the sentencing guidelines and did not exceed the statutory maximum. As such, the court's sentencing decisions should not be disturbed unless one or more of Defendant's sentences are deemed manifestly unreasonableness or a result of partiality, prejudice, bias, ill-will or a misapplication of law. Defendant makes no claim that the court exercised its judgment for reasons of partiality, prejudice, bias or ill will, or that it ignored or misapplied the law. Thus, the question is whether Defendant's judgment of sentence was manifestly unreasonable.

In considering this, the court will first discuss the sentences imposed on Docket Number 5085-2017, then the sentences imposed on Docket Numbers 4424-2013 and 1011-20,4 and finally, the aggregate sentence imposed on all three.

---

[6] Furthermore, the Sentencing Code "sets forth express standards regarding appellate review of a defendant's sentence." *Walls* at 963. In pertinent part, a sentence should be vacated if the reviewing court finds that the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable. *See* 42 Pa. C.S.A. § 9781(c)(2). "In all other cases the appellate court shall affirm the sentence imposed by the sentencing court." *Id.* The following factors should be considered in reviewing the record: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; 3) the findings upon which the sentence was based; and 4) the guidelines promulgated by the commission. *See* 42 Pa. C.S.A § 9781(d).

4

## I. Whether the court erred in sentencing Defendant on Docket Number 5085-2017.

The first error raised by Defendant is that the court did not state sufficient reasons for the aggravated range sentence it imposed upon Defendant.[7]

When sentencing a defendant, courts must consider and select one or more of the alternatives enumerated in 42 Pa. C.S.A. § 9721(a), and in doing so, must "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa. C.S.A. § 9721(a), (b).[8] However, courts are under no obligation to sentence a defendant to the minimum possible confinement available, and may determine that the facts of a case are more serious than the "typical" offense and impose a sentence which is in the aggravated range. *See Commonwealth v. Hanson*, 856 A.2d 1254, 1259 (Pa. Super. 2004). Additionally, the decision of whether to make sentences run consecutively or concurrently is within the sound discretion of the trial judge, and typically, has not been considered a substantial question for review on appeal. *See Commonwealth v. Wellor*, 731 A.2d 152, 155 (Pa. Super. 1999) (citation omitted).

The court notes that Defendant's first error is likely waived. "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." *Commonwealth v. Derry*, 150 A.3d 987,

---

[7] Although Defendant's Concise Statement fails to indicate which docket number the first error pertains to, the court presumes it addressed Defendant's new charges on Docket Number 5085-2017.

[8] *See also* 42 Pa. C.S.A. § 9725 (courts "shall impose a sentence of total confinement if... it is of the opinion that the total confinement of the defendant is necessary because 1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime; 2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or 3) a lesser sentence will depreciate the seriousness of the crime of the defendant").

5

991 (Pa. Super. 2016) (citation omitted). In the instant case, no objections were made at Defendant's sentencing hearing, and while her Motion to Modify includes each of the sub-arguments stated in Defendant's Concise Statement for support, the allegation that the court failed to state sufficient reasons for Defendant's aggravated sentence was not previously raised. As such, doubt is cast upon whether Defendant's first error was properly preserved. However, this finding is unnecessary because the allegation of error is without merit.

Defendant first contends that the court did not state sufficient reasons for the aggravated range sentence it imposed upon Defendant. Although Defendant's Concise Statement did not include citation in support of this claim, Defendant's Motion to Modify relied largely upon *Commonwealth v. Walls*. In *Walls*, our Supreme Court clarified the proper standard of review for a sentencing court's imposition of sentence, which is well-settled as an abuse of discretion. Additionally, the *Walls* court discussed the role which the sentencing guidelines must have when a defendant is sentenced, and the analysis which a reviewing court must conduct when a sentence which fell outside of them is challenged. In reaffirming their advisory, non-binding nature, the *Walls* court indicated that the guidelines must be respected and considered, while noting, "to ensure that such consideration is more than mere fluff, the court must explain its reasons for departure from them." *Walls* at 964 (quoting *Sessoms*, 532 A.2d at 781).

However, the facts of the instant appeal and *Walls* are dissimilar in that, despite being at the high end of the aggravated range, Defendant's sentence fell within her guidelines while the *Walls* defendant's sentence exceeded his guidelines. While the court believes that it did in fact state sufficient reasons for Defendant's aggravated sentence, it emphasizes that deviating from the

6

standard range of the sentencing guidelines does not mean deviating from the sentencing guidelines and notes the heightened requirements of the latter.

Ultimately, these points are irrelevant because the court finds Defendant's supporting arguments, which align with those raised in Defendant's Motion to Modify, unpersuasive. Defendant claims that, instead of stating its reasons for the aggravated range sentence it imposed, the court focused on punishment and protection of the public, misunderstood remarks made by Plea Counsel, failed to individualize Defendant's sentence, based its aggravated sentence on drug quantity, and did not adequately consider Defendant's severe addiction, prior abuse or cooperation with law enforcement. Additionally, Defendant states that the court issued a manifestly unreasonable sentence when it ordered Defendant's Criminal Conspiracy sentence to run consecutive to her PWID sentence.

As an initial matter, as indicated by the Commonwealth in its Response, the court notes that our Supreme Court has held that when a pre-sentence report exists, a reviewing court will "continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors[,]" and that "[h]aving been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). Here, the court was fully informed by Defendant's PSI Report, and as such, it's discretion should not be disturbed.

However, with respect the arguments raised by Defendant, first, the court did not inappropriately focus on punishment and protection of the public in lieu of Defendant's rehabilitative needs. While punishment and protection of the public factored into the court's sentence, considerations such as these are squarely within the court's discretion. Outside of

7

Defendant's bald assertions, there exists nothing to establish or imply that the court inappropriately focused on these factors in lieu of Defendant's rehabilitation needs. On the contrary, the court indicated that it was refraining from doing so.

Despite the Commonwealth's steadfast belief that Defendant supplied heroin which resulted in deaths, the court stated that there was no proof in this case to link Defendant to any death, and as such, the court did not consider such as a factor in the sentence it imposed. *See* N.T., 4/10/18, p. 21. Defendant's rehabilitative needs were carefully considered with all other factors pertinent to this case and required by law.[9] While addressing her need for drug and alcohol, mental health and PTSD treatment, the court stated to Defendant, "you're an addict. You're going to need drug and alcohol treatment when you are serving your sentence…and I think probably mental health and PTSD treatment." *Id.* at 22. However, the court clarified that "none of that [*i.e.*, Defendant's need for drug and alcohol, mental health and PTSD treatment] explains, excuses or mitigates in any way the level of activity in drug sales and drug delivery" that was before it. *See* N.T., 4/10/18, p. 22.

Second, the court did not incorrectly infer that Plea Counsel was trying to suggest that Defendant only possessed heroin for personal use. In this regard, Defendant's Concise Statement likely references the following statement: "[t]he amount of heroin [Defendant] possessed here was significant, but with a reference, it was an amount she could probably go through with her addiction

---

[9] In making Defendant eligible for all programs available to her in the state correctional system, and specifically requesting that the Department of Corrections consider the drug and alcohol evaluation and treatment of Defendant, the court ensured that those rehabilitative opportunities will be present for Defendant during her incarceration.

8

in about two days." N.T., 4/10/18, p. 11.[10] In response, the court indicated that it had seen individuals who have sold drugs to fund their own habit, but it noted that:

> it begs this Court's credulity to believe that the 62 bags that were found in your possession were your own personal supply for a day or two and begs the Court's credulity even further on the conspiracy count with 89 bags that you were doing anything but engaging in a serious, well-organized business of dealing heroin. Probably using it, too. I'm sure that this managed to fund your own use nicely. But with this amount of heroin going out on the street, all you are doing is adding to the scourge which is the opioid epidemic changing the face of our society.

N.T., 4/10/18, p. 19. This statement was not indicative of any mistaken inferences made by the court, as the court did not interpret Plea Counsel's statements to be a suggestion that Defendant only possessed for personal use. Alternatively, the court recognized the unrealistic amount of heroin Defendant was purportedly using as a means of diminishing her level of involvement in the drug trade, as it stated:

> not everyone who relapses goes into business, and you are essentially in the retail business of dealing heroin more so than anything else. And that is not acceptable, and that is not safe, and this Court will not take lightly that you have tried to explain away or excuse your own behavior with, I relapsed because I was in an abusive relationship. I believe you were, and I'm sorry, and if that caused your relapse, I'm sorry, too. But none of that made you turn into a dealer of 63 bags on Count 1 and conspiracy to [deal] 89 bags in Count 2.

N.T., 4/10/18, p. 20. The court was unpersuaded by Defendant's use of her hardships to justify her criminal conduct. Great measure was taken to portray Defendant as a severe addict who sold drugs only to support her daily habit, and the court simply does not believe that to be true.

Third, the court did not fail to individualize Defendant's sentence. Defendant claims the court failed to individualize Defendant's sentence because it improperly factored in the recent rise

---

[10] This statement is like others made both at Defendant's sentencing hearing and in the Drug/Alcohol History included in her PSI Report, whereby Defendant's heroin use was approximated at fifty (50) bags per day right before her incarceration for the instant offenses.

9

in overdose deaths in the community. Defendant's Motion to Modify argued that this violated the general principles of sentencing in Pennsylvania, which require that sentences be individualized, and cited to *Walls*, 926 A.2d at 573. However, Defendant's reliance upon the decision for support is again misplaced, as the *Walls* court concluded that the sentencing court did not render a non-individualized sentence despite stronger facts *contra* than those in the instant case. First, the *Walls* court reviewed the issue within the context of whether the sentencing court had an agenda against sex offenders which involved imposing maximum sentences, outside of the sentencing guidelines, regardless of the individualized circumstances of the case.[11] Second, the *Walls* court indicated that the sentencing court may have cast doubt upon the individualized nature of the defendant's sentence by making certain comments about individuals who sexually victimize young children.[12] Despite these circumstances, the *Walls* court concluded that the sentencing court made an individualized sentencing decision when viewed as a whole because it "considered a number of factors which led it to sentence outside of the guidelines and these factors were specific to [the *Walls* defendant]." *Id.* at 573. Considering this holding, the *Walls* court made clear that the threshold for establishing that a sentencing court imposed a non-individualized sentence is high.

Any argument that the court failed to individualize Defendant's sentence is without factual or legal support. Defendant contends the court improperly factored in the recent rise in overdose deaths in the community; however, courts in the Commonwealth of Pennsylvania have consistently

[11] The *Walls* court noted that, even if not an agenda, the Superior Court believed that the sentencing court "focused to an extreme on retribution and protecting the public – noting that the court was not free to reject the guidelines and impose its sense of just punishment." *Walls* at 572.

[12] These included statements the sentencing court made prior to sentencing which indicated its belief that there is no successful, long term treatment for pedophilia, and that as such, there is no realistic expectation that the defendant could be treated. Additionally, the sentencing court discussed one of its early cases where it imposed what it believed to be a "shortsighted-sentence." *Walls*, 926 A.2d at FN 5.

recognized that general deterrence is one of the five purposes of sentencing which a court is permitted to consider. *See Commonwealth v. Williams*, 652 A.2d 283, FN 1 (Pa. 1994); *see also Commonwealth v. Lilley*, 978 A.2d 995, 999 (Pa. Super. 2009). The comments made by the court when factoring in the recent rise in overdose deaths in the community fall far short of the type that may cast doubt upon the individualized nature of the sentence imposed by the *Walls* sentencing court. As stated, numerous factors were weighed and many circumstances considered when the court crafted the individualized sentence which it tailored to, and imposed upon, Defendant.

Fourth, Defendant's claim that the court erroneously based its sentence on drug quantity because drug quantity is "a factor/enhancement already accounted for within the Offense Gravity Score" is mistaken. *See* Defendant's Concise Statement, p. 1. This claim aligns with the argument of Defendant's Motion to Modify that the court erroneously "double counted" factors by basing its aggravated sentence on drug quantity, which Defendant contends violates the principles expressed in *Goggins, Whitmore, McNabb*, and *Darden*. While these cases held that sentencing courts may not "double count" factors which were already taken into account in the sentencing guidelines, they fail to support Defendant's argument.

In *Commonwealth v. Goggins*, 748 A.2d 721, 731. (Pa. Super. 2000), the defendant argued, in part, that the trial court erred because it relied on factors already taken into account in determining his prior record score and offense gravity score. The *Goggins* court held that the sentence was not the result of the sentencing court double-counting because it was based, not on the weight of the drugs possessed, but on the way it was packaged. *Id.* at 732. The *Goggins* court also considered whether the sentencing court erred by factoring in the defendant's prior record. Similarly, *Commonwealth v. Whitmore*, 860 A.2d 1032 (Pa. Super. 2004), *Commonwealth v.*

11

*McNabb,* 819 A.2d 54, 57 (Pa. Super. 2003) and *Commonwealth v. Darden,* 531 A.2d 1144 (Pa. Super. 1987) each considered similar issues with respect to whether the sentencing court erred by factoring in the defendant's prior records when imposing its sentences.

Although the *Whitmore* and *Goggins* courts held that the sentencing court committed error by double counting a prior conviction, these cases involved statutory maximum sentences, and the *McNabb* and *Darden* courts ruled against their defendants. Like the first *Goggins* issue, *McNabb* ruled that the sentencing court did not base its sentence upon Defendant's prior convictions, but rather upon his being on state and county probation at the time of the offense. The *Darden* court disagreed with the defendant's argument that it was improper to cite his criminal history as an aggravating factor, finding that it was clear that the defendant's low prior record score did not begin to account for his "staggering record of criminal activity." Additionally, the *Darden* court held that "[p]rior connections of whatever nature, with law enforcement authorities are unquestionably among the circumstances to be scrutinized" in determining the appropriate sentence," and noted that, "[b]y the same reasoning, it follows that facts regarding the nature and circumstances of an offense, which are not necessary elements of the offense for which appellant has been convicted, are also proper factors to be considered in deciding whether to sentence in the mitigated minimum range, the aggravated minimum range, or outside the guidelines." *Darden,* 531 A.2d at 1149 (internal citations omitted).

Like *Goggins* and *McNabb,* the court did not "double count" factors because although quantity was discussed, the court's focus was directed to Defendant's actual role in the drug trade after Defendant implied that she was merely supporting her habit. As the court explained, "[t]he statement that [Defendant] gave to the police certainly contained a lot of information to support

12

the conclusion that [Defendant was], in fact, dealing at a level well beyond the relapsed addict just trying to support their own use." N.T., 4/10/18, p. 20. These connections to the drug trade are unquestionably among the circumstances to be scrutinized, along with the nature and circumstances of the offense which are not necessarily elements of it. As such, the court did not impermissibly base the sentence it imposed upon Defendant on drug quantity.

Fifth, the court disagrees with Defendant's argument that it failed to adequately consider the mitigating factors which existed in the instant case. The court explicitly noted that Defendant's addiction was a lifelong battle and stated that it understood that Defendant's likely abuse could have been a cause of her relapse. *See* N.T., 4/10/18, p. 20. The court indicated that it was sorry for the difficulties which Defendant endured in her life, but stated that Defendant has had many opportunities to address her addiction. Regardless, courts are granted great deference in weighing any perceived mitigating factors, and the instant standard of review does not allow a reviewing court to challenge the sentencing court's credibility determination.[13] Defendant appeared before the court, and gave comments that the court ultimately deemed unsatisfactory to justify her conduct. The court explained to Defendant, "not everyone who relapses goes into business, and you are essentially in the retail business of dealing heroin more so than anything else." *Id.* at 20. All relevant facts and circumstances were considered by the court, including any mitigating factors such as Defendant's addiction, abuse, and rehabilitative needs.[14]

---

[13] *See Commonwealth v. Myers*, 722 A.2d 649, 654 (Pa. 1998).

[14] The court notes its agreement with the Commonwealth regarding Defendant's alleged cooperation with law enforcement during her investigation. While Defendant may have confessed and plead guilty, she never availed herself of the opportunity to become an informant for the police. Thus, the court gave this "mitigating factor" little weight.

Finally, the court did not issue a manifestly excessive sentence when running the Conspiracy and PWID sentences consecutively. In fashioning a state sentence, the court noted that "these two counts are such that only by making them consecutive to one another can this Court properly vindicate the safety of our community, address the gravity of the offense as it affects the community, take into account [Defendant's] conduct and consider her individual profile as a defendant, which [the court] is required to do." N.T., 4/10/18, p. 22. The decision of whether to run sentences consecutively or concurrently is well within the sound discretion of the court, and there exists no abuse of that discretion in the instant case.

Defendant is unable to establish the first error raised, as the sentences were consistent with the statutory guidelines and Defendant's individual characteristics and circumstances, including all potential aggravating and mitigating factors, were weighed and explained on the record by the court. Amongst other things, the court indicated that it was distressed by Defendant's statement to the police that she was essentially a dedicated and persistent drug dealer responsible for providing large quantities of opioids to the community each day while introducing others to her supplier. Moreover, the court noted Defendant's lack of effort to remedy her drug addiction, as she instead chose to become a drug dealer to profit from this enterprise and support her habit, and discussed the devastating impact which this conduct had on the community. Defendant's sentences are consistent with her rehabilitative needs, the protection of the public, and the gravity of the offenses as they relate to the victims and the community. Therefore, the sentences imposed were not manifestly unreasonable, and the court neither abused its discretion nor committed any error in sentencing Defendant on Docket Number 5085-2017.

14

**II.    Whether the court erred in sentencing Defendant on Docket Numbers 4424-2013 and 1011-2014.**

The second error raised by Defendant is that the sentences imposed by the court for the probation violations were manifestly excessive.

Upon revoking probation, sentencing is vested within the sound discretion of the trial court, and absent an abuse of that discretion, the imposition thereof will not be disturbed on appeal. *See Commonwealth v. Finnecy*, 135 A.3d 1028 (2016). Moreover:

> The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing procedure. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."

*Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014). Once probation has been revoked, the court may impose a sentence of total confinement if finds that the defendant has been convicted of another crime, *see* 42 Pa. C.S.A. § 9771(c), and "[t]he trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence[.]" *Pasture* at 27-28. Although "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed," 42 Pa. C.S.A. § 9721(b), it "need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question." *Pasture* at 28.

15

Defendant's Concise Statement alleged that the sentences imposed on Docket Numbers 4424-2013 and 1011-2014 are manifestly excessive because the court failed to take into consideration that, aside from fines and costs violations, the new charges at issue were Defendant's only violation. Again, for largely the same reasons as discussed *supra*, the court disagrees with Defendant.

The court did not view this as just a singular "new charges" case, where Defendant had a momentary lapse in judgment or made a simple mistake. The facts make it clear that Defendant's level of activity in drug sales and delivery was that of a drug dealer, and well beyond that of a relapsed addict trying to support their habit. Although its discussion of this may have occurred primarily in the context of Defendant's charges on Docket Number 5085-2017, the court's comments are equally applicable to Defendant's violations. Moreover, with respect to Defendant's violations, the court stated:

> You did this while you were on supervision, and you had been given a break on a prior PV for fines and costs, and granted, you know, fines and costs is not new charges…it is still a violation, by simply getting your probation continued instead of revoked and any other kind of new sentence or new probation to reset the clock. Not all judges would do that.

N.T., 4/10/18, p. 21. The increased significance of this statement is two-fold. First, the court emphasized the fact that Defendant engaged in drug dealing while already under the court's supervision.[15] Second, the court noted that Defendant had previously received leniency from the

---

[15] *See Commonwealth v. Derry*, 150 A.3d 987, 998-99 (Pa. Super. 2016), which held that the defendant's commission of new charges while on probation, in addition to technical violations, demonstrated a lack of rehabilitative success, and that the defendant's sentence was not manifestly unreasonable because, in part, the court emphasized that the defendant's crimes occurred while the defendant was under the court's supervision.

16

court.[16] Ultimately, Defendant's probation violation sentences were not erroneously imposed, and the court adequately considered all facts and circumstances in the instant cases.

As indicated *supra,* the court need not undertake a lengthy discourse of its reasons for imposing a violation sentence, and as such, the court's comments were sufficient to establish the requirements of 42 Pa. C.S.A § 9721(b), The sentences imposed by the court for Defendant's probation violations were not just the result of Defendant being convicted of a serious crime while on supervision, but also the admissions she made regarding her prolonged and sustained level of involvement in the drug trade and her unwilling to seek rehabilitation. The sentences did not exceed the maximum sentence the court could have originally imposed, and their reasons were disclosed in open court at the time of sentencing. Therefore, Defendant's violation sentences were not manifestly unreasonable or excessive, and the court neither abused its discretion nor committed any error on Docket Numbers 4424-2013 and 1011-2014.

## III.   Whether the court erred in the aggregate sentence it imposed on all dockets.

Third, Defendant contends that the court erred because the aggregate sentence it imposed was manifestly excessive and an abuse of the its discretion.

While Defendant's Concise Statement is devoid of support for Defendant's final claim, Defendant's Post-Sentence Motion argued that the court failed to adequately consider the extent of the abuse and mental illness that Defendant endured throughout her life or her need for drug and alcohol treatment. Instead, Defendant alleges the court focused on the seriousness of the offense, in violation the principles set forth in *Commonwealth v. Boyer,* 856 A.2d 149, 152 (Pa.

---

[16] *See Pasture,* 107 A.3d 28-29, which held, in part, that a trial court does not necessarily abuse its discretion by imposing a harsher violation sentence if the defendant received a lenient sentence and then failed to adhere to the conditions which were imposed upon them.

17

Super. 2004) and *Commonwealth v. Ruffo*, 520 A.2d 43 (Pa. Super. 1987), which held that a sentencing court must consider all the relevant factors and cannot rely exclusively on the seriousness of the offense.

Again, the court disagrees for the reasons discussed *supra*. At sentencing, the court agreed with the Commonwealth that the sentencing guidelines do not adequately reflect the sentence that should be imposed in cases such as this, and indicated that, knowing what it did about the facts of the case, "this is not even close to a county-level offense." N.T., 4/10/18, p. 21. However, regardless of Defendant's bald assertions *contra*, the court did not rely exclusively on the seriousness of the offenses, as it carefully reviewed all the relevant, and necessary, factors in the instant case.

Great consideration was given to Defendant's situation and the circumstances surrounding it. The court referenced extensive documentation, including Defendant's PSI Report, as well as counsel's arguments and all statements made at the sentencing hearing, which provided a clear picture of the instant case and supported the outcome. Ultimately, Defendant's aggregate sentence reflects the magnitude of Defendant's crimes and violations, and achieves the requisite rehabilitative, deterrent, and safety objectives. Therefore, the aggregate sentence imposed was not manifestly unreasonable or excessive, and the court neither abused its discretion nor committed error in sentencing Defendant on all three dockets.

18

Nos. 5085-2017
1011-2014
4423-2013

For the foregoing reasons, the court respectfully suggests that Defendant's appeal be denied.

ATTEST:                          **BY THE COURT:**

**MARGARET C. MILLER**
**JUDGE**

19

# IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
## CRIMINAL

COMMONWEALTH OF PENNSYLVANIA      :
     :

     vs.      :      Nos.    5085-2017
     :      1011-2014

MELISSA PALLADINO      :      4424-2013

## ORDER

**AND NOW**, this 16th day of August, 2018, the court having filed its Opinion in accordance with Pa. R.A.P. 1925(a), the Clerk of Courts of Lancaster County is hereby directed to promptly transmit the record in the above-captioned case to the Superior Court of Pennsylvania, pursuant to the requirements of Pa. R.A.P. 1931.

ATTEST:                       **BY THE COURT:**

                                    _____
                                    **MARGARET C. MILLER**
                                    **JUDGE**

**************************************************************************

Copies to:     Andrew T. LeFever, Esquire – Office of the District Attorney
                   Jade M. Salyards, Esquire – Office of the Public Defender