J-S10037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD EUGENE KERR | : | |
| | : | |
| Appellant | : | No. 935 MDA 2020 |

Appeal from the Judgment of Sentence Entered June 3, 2020
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000461-2019

BEFORE: MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED MAY 13, 2021**

Ronald Eugene Kerr (Kerr) appeals from the judgment of sentence imposed by the Court of Common Pleas of Lackawanna County (trial court) after he pleaded guilty to one count of robbery. Counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), and a petition for leave to withdraw as counsel. We grant the petition to withdraw and affirm the judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

**A.**

We take the following facts and procedural history from our independent review of the record. Kerr entered a guilty plea to one count of robbery of a financial institution under 18 Pa.C.S. § 3701(a)(1)(vi).[1] Robbery under subsection (vi) is a felony of the second degree. 18 Pa.C.S. § 3701(b). At the guilty plea hearing, the Commonwealth gave a short factual summary of Kerr's offense, stating only that he threated a clerk at a Scranton check cashing store during the commission of a robbery and that he removed money from that institution. In exchange for Kerr pleading guilty to robbery, the Commonwealth agreed that all other charges would be dismissed. Additionally, though Kerr used a pellet gun during the robbery, the Commonwealth agreed that it would not seek any weapon enhancements or mandatories at sentencing.

Because he was awaiting a state parole violation hearing, Kerr requested that the trial court sentence him that same day. The trial court, however, wanted an updated presentence investigation (PSI) but agreed to expedite sentencing to the next week. The PSI revealed that Kerr was a "REFEL" on

---

[1] A person commits a robbery of a financial institution when, while committing a theft, the person "takes or removes the money of a financial institution without the permission of the financial institution by making a demand of an employee of the financial instruction orally or in writing with the intent to deprive the financial institution thereof." 18 Pa.C.S. § 3701(a)(1)(vi).

the prior record score scale. *See* 204 Pa. Code § 303.4(a)(2) (defining "REFEL" as a repeat offender with prior felony 1 and felony 2 convictions totaling 6 or more points in the prior record). Kerr's robbery conviction, meanwhile, had an offense gravity score of seven. *See* 204 Pa. Code § 303.15 (offense listing). As a result, the standard range guidelines recommended a minimum term of incarceration between 35 and 45 months. 204 Pa. Code § 303.16(a) (basic sentencing matrix). In addition, "[f]or the Offense Gravity Scores of 6 and 7, the court may impose a sentence that is up to 6 months longer than the upper limit of the standard range." 204 Pa. Code § 303.13(a)(3).

The Commonwealth began sentencing by stating that the victim did not wish to be present. It noted, though, that Kerr used a pellet gun and tied her up during the robbery. The Commonwealth represented that the victim wanted the trial court to know that she was "absolutely petrified by [Kerr's] actions" and that she thought she would die. She also stated, however, that she appreciated Kerr taking responsibility and confessing to the police. N.T., 6/3/20, at 3.

In his allocution, Kerr apologized for his actions and their effect on the victim, stating that he had no intention of ever hurting her during the robbery. He explained that he committed the offense because of a lack of funds. According to him, at the time of the offense, he was working 60 hours a week

at Home Depot and doing carpentry on weekends to save up money to pay for his mother's senior care living.

After hearing from Kerr, the trial court explained how it viewed Kerr's actions:

> Well, Mr. Kerr, I appreciate your efforts in trying to provide an explanation. And, you know, in some ways you're sounding as if, you know, you're defending Robin Hood. But, you know, Robin Hood was still a thief.
>
> What you do with the money does not in any way change the impact on what it has on the victim. And you may have said you never intended to hurt her. But when a criminal enterprise such as this gets under way, there's no predicting the way that it's going to turn out.
>
> You don't know how somebody is going to react. They don't know how you're going to react. You don't know if somebody else is going to come in while the thing is in progress.
>
> And, you know, as far as saying that it wasn't quite planned, do you always carry around zip locks in your pockets to have handy to tie up her hands when you want to restrain her? I would expect not.
>
> So, I mean, this is really, really serious conduct. I appreciate the fact that you are saying you regret what you've done and that you regret the impact on her. But as you pointed out, you took away her sense of safety. She will never feel the same again in her lifetime.
>
> There will always be a note of fear when someone is approaching her. And that is really conduct that, you know, no Commonwealth, no community can tolerate. And, you know, you do have a prior robbery. And this was committed while you were still serving the parole portion of that robbery.
>
> So I've taken into consideration the nature and gravity of the offense. I've taken into consideration your words here today. I've taken into consideration your rehabilitative needs as well as the contents of your presentence file.

*Id*. at 7-9.

Having put its reasons on the record, the trial court sentenced Kerr in the aggravated range, ordering him to serve 4 to 8 years' imprisonment consecutive to any other sentence that he was serving.[2] Kerr expressed his confusion by stating that it was his understanding that the pellet gun and restraints used on the victim would not be part of the sentence. *Id*. at 11. The trial court responded that it did not refer to the pellet gun in its reasons for sentencing, instead relying on the threat of violence that Kerr made to the victim. *Id*.

Out of precaution, though, the trial court asked the parties if its sentence had violated the plea agreement in any way. The Commonwealth responded that it had not, reminding the trial court that it had not sought the weapon enhancement. Kerr's counsel agreed. He explained that he told Kerr that he would ask for a sentence within the standard range guidelines but, ultimately, sentencing was up to the trial court. With those responses, the trial court concluded the sentencing hearing.

_____

[2] When a state parolee receives a new state sentence, the parolee must serve their back time first before commencement of their new state sentence. *See* 61 Pa.C.S. § 6138(a)(5)(i).

**B.**

While still represented by counsel, Kerr filed a *pro se* post-sentence motion for reconsideration of sentence.[3]  In his motion, Kerr asserted several bases for relief.  First, he echoed his complaint at sentencing that the trial court relied on facts that were not a part of his guilty plea.  Second, he contended that the trial court erred in allowing the Commonwealth to provide the victim's statements at sentencing, characterizing the Commonwealth's statement as hearsay because the victim never returned a victim impact statement.  Third, Kerr complained that the expedited PSI failed to include that he did not receive any misconducts in the 17 months he spent in pretrial incarceration, nor did it include any information about the re-entry programs he completed.  He also complained that the PSI did not include his version of events or any of the letters of support that he wanted to present.  Finally, he argued that the trial court improperly considered that he was on state parole when he committed the offense.

The trial court denied Kerr's post-sentence motion and advised him that he had 30 days to appeal, following which Kerr filed a timely notice of appeal.

---

[3] Though filed beyond ten days of sentencing, Kerr's post-sentence motion was timely because the tenth day for filing the motion fell on a Saturday. ***See*** Pa.R.Crim.P. 720(A)(1) ("[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence."); 1 Pa.C.S. § 1908 (stating that when computing statutory time periods where the last day of the period being calculated falls "on Saturday or Sunday, or on any day made a legal holiday ..., such day shall be omitted from the computation").

We later directed the trial court to determine Kerr's eligibility for court-appointed counsel. The trial court complied and appointed current counsel to represent Kerr. After being ordered to do so, counsel filed a Pa.R.A.P. 1925(b) statement listing six issues:

> 1. Did the trial court err as a matter of law or abuse its discretion by allowing the Commonwealth to change the facts at the time of sentence from the facts offered at the time of the guilty plea?
>
> 2. Did the trial court err as a matter of law or abuse its discretion by allowing the Commonwealth to introduce hearsay evidence from the alleged victim at [the] time of sentence?
>
> 3. Did the trial court err as a matter of law or abuse its discretion in not considering any mitigating factors at the time of sentence?
>
> 4. Was trial counsel ineffective for failing to object to the Commonwealth's recitation of the facts at the time of sentence which differed from the facts offered at the time of the guilty plea?
>
> 5. Was trial counsel ineffective for failing to file a motion for reconsideration of sentence on behalf of [Kerr]?
>
> 6. Was trial counsel ineffective for advising [Kerr] that he could not receive an aggravated sentence?

Pa.R.A.P. 1925(b) Statement, 11/17/20, at unpaginated 1-2.

Addressing the sentencing hearing, the trial court found no error in its consideration of the facts that Kerr used a pellet gun and tied up the victim. Besides Kerr's counsel not objecting, the trial court pointed out that the criminal information and the court's file already included the offense's facts. The trial court also noted that Kerr did not deny that he brandished the pellet gun and tied up the victim. Further, the trial court explained, it would have been error to not consider the facts of the offense as part of its consideration

of the protection of the public and gravity of the offense under 42 Pa.C.S. § 9721(b). The trial court reiterated that it did not consider the pellet gun because the parties agreed there would be no weapon enhancement. Instead, as it stated at sentencing, the trial court considered the gravity of the offense; Kerr's testimony; his rehabilitative needs; the PSI; the facts of the offense, including the impact on the victim; and Kerr's status as a state parolee when he committed the offense.

The trial court also found no error in the Commonwealth presenting the victim's input. On this point, the trial court observed that the admissibility of evidence is in its discretion and that it is not bound by the rules of evidence at sentencing. As a result, since a sentencing court can consider any evidence it deems relevant, the admission of hearsay is common at sentencing. The trial court further noted that it was aware of the facts of the offense and Kerr himself acknowledged the effect the offense would have had on the victim.

Finally, the trial court rejected Kerr's assertion that it did not consider any mitigating factors. As it stated at sentencing, the trial court considered Kerr's testimony, his rehabilitative needs and the contents of the PSI in determining his sentence.[4]

---

[4] The trial court also noted that any issues related to trial counsel effectiveness were premature. TCO at 7 (citing *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002)).

Kerr's counsel has filed an **Anders** brief in which he claims that the appeal is frivolous and requests permission from this Court to withdraw from representation. Kerr did not respond to counsel's **Anders** brief.

**II.**

We first address counsel's petition to withdraw which must satisfy both procedural and substantive requirements. Procedurally, counsel must (1) petition the court for leave to withdraw, stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013).

Counsel has complied with these procedural mandates. The motion to withdraw reflects that counsel reviewed the entire record and concluded that the appeal is frivolous. **See** Petition to Withdraw as Counsel, 2/16/21, at 1. Counsel certifies that he sent a copy of the **Anders** brief and petition to withdraw to Kerr. Additionally, counsel's letter advises Kerr of the right to hire private counsel or raise *pro se* any additional arguments he would like us to consider. **See** Letter from Kurt T. Lynott, Esquire to Kerr, 2/15/21.

Turning to the substantive elements, the brief accompanying counsel's petition to withdraw must (1) summarize the procedural history and facts of

record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. *See Santiago*, 978 A.2d at 361. Counsel's *Anders* brief summarizes the factual and procedural history, identifies three potential issues for appeal, and outlines the legal reasons that led counsel to conclude that any appeal would be frivolous.[5]

Because counsel has complied with these requirements, we now "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id.* at 355 n.5. The *Anders* brief identifies three issues that potentially support Kerr's appeal.

## III.

## A.

In the first issue, counsel reasserts that the trial court erred in allowing the Commonwealth to change the factual basis for the robbery at sentencing. This complaint is essentially the same one that Kerr raised in his post-sentence motion in which he argued that the trial court was precluded at sentencing

---

[5] We note that counsel failed to include the Pa.R.A.P. 1925(b) statement in his *Anders* brief. *Cf.* Pa.R.A.P. 2111(d) ("In the Superior Court, there shall be appended to the brief of the appellant a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b)."). Because this omission does not affect our review, we will address the claims raised in the *Anders* brief.

from being able to consider that he used a pellet gun and tied up the victim during the robbery, since the Commonwealth did not include those facts at the guilty plea hearing. We find the issue meritless.

At a sentencing hearing, both the Commonwealth and the defendant have the opportunity "to present information and argument relative to sentencing." Pa.R.Crim.P. 704(C)(1). Here, the Commonwealth's statement that Kerr found objectionable consisted of the following:

> Judge, just on behalf of the Commonwealth, there is no restitution. The money was found during Mr. Kerr's cooperation in the investigation. I reached out to the victim in this case [S.P.]. She is the clerk at the check cashing facility that was held at - - with a pellet gun and tied up during the course of the robbery. She did not want to be present.
>
> However, she did indicate that she wanted me to advise the Court that she was absolutely petrified by [Kerr's] actions and thought she was going to die. She also stated that she appreciated the fact that [Kerr] took responsibility by admitting and confessing to police in an interview and by pleading guilty.

N.T., 6/3/20, at 3.

We find no error in the Commonwealth commenting that Kerr committed the robbery by using a pellet gun and restraining the victim, even though those details were not mentioned at the guilty plea. Facts about the nature and circumstances of the offense that are not necessarily elements of the convicted offense are proper facts to consider in deciding to sentence in the mitigated range or the aggravated minimum range. *See Commonwealth v. Darden*, 531 A.2d 1144, 1149 (Pa. Super. 1987) ("... facts regarding the nature and circumstances of the offense, which are not necessary elements of

- 11 -

the offense for which appellant has been convicted, are also proper factors to consider in deciding whether to sentence in the mitigated minimum range, the aggravated minimum range, or outside the guidelines.").

Kerr entered a guilty plea to robbery of a financial institution. Under that offense, the Commonwealth need only prove that the defendant, while committing a theft, "takes or removes the money of a financial institution without the permission of the financial institution by making a demand of an employee of the financial institution orally or in writing with the intent to deprive the financial institution thereof." 18 Pa.C.S. § 3701(a)(1). While Kerr's use of the pellet gun and restraint of the victim were unnecessary to the elements of the offense, they were proper factors for the trial court to consider in imposing a sentence of total confinement that takes into account "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

Moreover, as the trial court pointed out, besides counsel not objecting at the sentencing hearing, Kerr has never denied that he used the pellet gun or that he tied the victim up during the robbery. *See* TCO at 5. In fact, during his allocution, Kerr recognized the seriousness of his actions and the effect they had on the victim. N.T., 6/3/20, at 6. Kerr, however, wants the benefit of both avoiding the weapon enhancement and insulating the trial court from considering the individualized facts of the offense that he committed. While

he was entitled to and received the benefit of the former, he is not entitled to the latter. **See Darden**, **supra**. For these reasons, we agree that the first issue is meritless.

**B.**

Next, counsel reasserts Kerr's other sentencing hearing complaint that the trial court improperly allowed the Commonwealth to offer hearsay evidence at sentencing from the victim because she did not want to be present. As explained in his post-sentence motion, Kerr's complaint was that the victim did not submit a victim impact statement, but the Commonwealth was still permitted to present the victim's feelings about the offense. **See** Motion for Reconsideration of Sentence, 6/15/20, at 3.

First, as the trial court points out in its opinion, Kerr's counsel did not object at sentencing to the Commonwealth informing the trial court about the victim. As a result, to the extent there was an error, it would need to wait until collateral review.

In any event, as this Court has explained:

> The admissibility of evidence, including victim impact evidence, rests with the sound discretion of the trial court. The conduct of a sentencing hearing differs from the trial of the case. To determine an appropriate penalty, the sentencing court may consider any evidence it deems relevant. While due process applies, the sentencing court is neither bound by the same rules of evidence nor criminal procedure as it is in a criminal trial.

**Commonwealth v. King**, 182 A.3d 449, 455 (Pa. Super. 2018) (internal quotations and citations omitted).

The Commonwealth offered the victim's input at sentencing to inform the trial court that Kerr's actions "petrified" her and put her in fear for her life. Kerr himself acknowledged that his actions "robbed" the victim of her feeling of security. N.T., 6/3/20, at 6. As a result, the victim's input was not admitted to prove a factual matter disputed by Kerr; indeed, he did not minimize his actions or their effect on the victim. Additionally, as the trial court observed, it was already aware that Kerr used a pellet gun and tied up the victim during the robbery, and did not need to rely on the victim's statement in inferring that the victim was terrified by Kerr's robbery. We find the issue lacking merit.

### C.

Finally, counsel examines whether the sentencing court abused its discretion in failing to consider any mitigating factors in sentencing Kerr in the aggravated range. In finding the issue meritless, counsel notes that the trial court considered Kerr's statements, his rehabilitative needs and the PSI in imposing its sentence. Moreover, the trial court put its reasons on the record for sentencing Kerr in the aggravated range. When Kerr questioned whether this violated his plea, the parties clarified that the agreement excluded only the weapon enhancement. While counsel requested a sentence within the standard range (which the Commonwealth did not oppose), the trial court still had the final authority to fashion its sentence. After reviewing the record, including both the guilty plea and sentencing transcripts, we agree.

First, since this issue implicates the discretionary aspects of sentencing, Kerr would need to invoke this Court's jurisdiction by demonstrating that his claim involves a "substantial question."[6] ***See generally Commonwealth v. Griffin***, 65 A.3d 932, 935-36 (Pa. Super. 2013). Because the trial court sentenced him in the aggravated range, and Kerr asserted the trial court failed to consider mitigating factors, Kerr's challenge would raise a substantial question. ***See Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) ("This Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.").

A claim of excessive sentence is reviewed under an abuse of discretion standard. ***See Commonwealth v. Perry***, 883 A.2d 599, 603 (Pa. Super. 2005). In order to prevail on this challenge, Kerr would need to "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) (citation omitted).

---

[6] Kerr's issue meets the procedural requirements for a challenge to the discretionary aspects of sentencing because he has filed a timely notice of appeal; preserved the issue in a post-sentence motion; and counsel has included a Pa.R.A.P. 21119(f) statement.

As quoted earlier, the trial court stated on the record that it considered all the mitigating evidence presented by Kerr, including his own statements and the information contained in the PSI.[7] "Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Bullock*, 170 A.3d 1109, 1126 (Pa. Super. 2017) (quoting *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009)) (citation omitted).

Moreover, a sentencing court may deviate from the guidelines, if necessary, to fashion a sentence that takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact of the life of the victim and the community. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001); *see also* 42 Pa.C.S. § 9721(b) (expressly stating that the trial court may sentence outside the guidelines provided the court provides its reasons for doing so on the record). Here, the trial court considered Kerr's mitigating evidence, but gave more weight to the gravity of the offense and the fact that

---

[7] Kerr averred in his post-sentence motion that there was additional mitigating evidence that the trial court did not consider. Based on our review, however, it does not appear that any of the additional mitigating evidence was presented to the trial court. Indeed, in his post-sentence motion, Kerr does not allege that he was prevented from presenting any evidence or supporting witnesses at the sentencing hearing.

Kerr committed the offense while on parole. These were proper considerations for a sentence outside of the standard range guidelines, which the trial court aptly explained on the record. Thus, we agree with counsel and cannot find that the trial court imposed an excessive sentence or otherwise abused its discretion with respect to the length of its sentence.

For all these reasons, Kerr is due no relief on his claims. Moreover, our independent review of the record does not reveal any non-frivolous issues for our review. We affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Counsel's application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/2021